[No. 15224. Department Two. August 15, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v.
FRANK PRESTA, *Appellant.*[1]

WITNESSES (74, 101) — CROSS-EXAMINATION — TO DISCREDIT CHARACTER WITNESS. In a prosecution for arson, it is error, on cross-examination of character witnesses testifying for the accused, to permit the prosecuting attorney to ask if the witnesses had heard about fires that had destroyed the house in which the accused and his father had lived; the questions not being directed to knowledge of rumors or accusation against the accused or tending to discredit the evidence that his reputation was good.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 8, 1917, upon a trial and conviction of arson. Reversed.

*Burcham & Blair,* for appellant.

*Joseph B. Lindsley,* for respondent.

BRIDGES, J.—The appellant was charged with the crime of arson in the second degree. Upon trial he was convicted, and from judgment thereon, appeals to this court.

The appellant put on the witness stand some three or four character witnesses, all of whom testified that his general reputation was good. On cross-examina-

[1]Reported in 183 Pac. 112.

tion of at least two of these witnesses, the prosecuting attorney asked if they had heard about the appellant having had a fire which destroyed the house in which he lived, and also whether they had heard that the house in which the appellant and his father lived had been destroyed by fire. Timely objections to these questions were overruled, and the witnesses answered that they had known of and heard of these several fires. These questions and answers constitute the only question involved in this appeal.

While it is the rule that cross-examination on matters of this kind usually takes a wide range and is very largely in the discretion of the trial court, yet it is manifest that these questions were incompetent; and coming, as they did, from the prosecuting attorney, may well have been highly prejudicial to the appellant. On direct examination the witnesses had testified that the general reputation of the appellant was good, and the cross-examination of them should have been limited to an effort to discredit their testimony. It is certainly proper cross-examination to compel the witness to admit that he has heard rumors of individual acts of the appellant which would tend to show that his reputation in the community was not good.

It has been held that a witness on cross-examination may be asked if the defendant had not before been arrested upon another charge (*McCormick v. State,* 66 Neb. 337, 92 N. W. 606) ; or if the witness had heard that the defendant had served a term in the penitentiary (*State v. Boyd,* 178 Mo. 2, 76 S. W. 979) ; or if he had heard of the defendant having been in the penitentiary for cattle stealing (*Holloway v. State,* 45 Tex. Cr. 303, 77 S. W. 14) ; or if he had heard it reported that the defendant was a gambler (*State v. Thornhill,* 174

Mo. 364, 74 S. W. 832) ; or if he had heard that the defendant had been guilty of various breaches of the peace and criminal conduct (*State v. Beckner,* 194 Mo. 218, 91 S. W. 892, 3 L. R. A. [N. S.] 535) ; or if he had heard that defendant had killed a man on another occasion (*Ingram v. State,* 67 Ala. 67) ; or if he had heard that defendant, on a previous occasion, had committed an assault (*State v. Brown,* 181 Mo. 192, 79' S. W. 1111) ; or if the defendant had been arrested for disturbing the peace (*People v. Moran,* 144 Cal. 48, 77 Pac. 777) ; or if he had heard that defendant had drawn a pistol against a third person (*Newton v. Commonwealth,* 31 Ky. Law 327, 102 S. W. 264) ; or if he had heard of the prisoner getting drunk and carrying concealed weapons (*Carson v. State,* 128 Ala. 58, 29 South. 608).

But the cross-examination here does not come within the rule announced by any of the above mentioned cases, or of any other cases which we have examined. If these witnesses had been asked by the prosecuting attorney whether they had heard that the appellant had been accused of burning his own house or that in which he and his father lived, it is likely that such question would have come within the general rule and been proper, because, if there were any such rumors or accusations against the defendant, the acknowledgment thereof by the witnesses would weaken their previous statements that the reputation of the appellant was good; but here the witnesses were merely asked whether they had not heard that these houses in which the appellant lived had been destroyed by fire. This question did not even tend to show that appellant's reputation was bad. Unquestionably, the great majority of fires are entirely without any criminal fault, and it seems to us that the mere asking of these questions by the prosecuting attorney and the repetition by

him of them may well have left with the jury the idea that the prosecuting attorney had some inside information concerning these acts. To the questions asked, the witnesses were required to answer that they had heard of these fires. If the witnesses had been asked if they had heard of any one accusing appellant of setting these fires, they would probably have answered in the negative.

For the error pointed out, the case must be reversed and remanded for a new trial.

HOLCOMB, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.