[No. 18569.   Department Two.   July 16, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. L. D.
ARNOLD, *Appellant*.[1]

CRIMINAL LAW (109)—EVIDENCE—PREVIOUS CONVICTIONS—CREDI-
BILITY OF WITNESS.  It is reversible error for the prosecuting at-
torney to cross-examine the accused, not for the purpose of showing
that he had been previously convicted of a crime, but to show that
he had been charged with a crime and for some reason had not been.
prosecuted; since it is not permissible to affect his credibility to
show that he had been charged with a crime; and it is no excuse
that the circumstance was unusual.

SAME (448)—APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.
It is not prejudicial error to ask accused, who was a married man,
whether he had been living with another woman, to affect his credi-
bility; especially where he answered that he had not, and the mat-
ter was not pursued.

SAME (89) — EVIDENCE — THREATS BY ACCUSED.   In a criminal
prosecution, it is competent for the state, in its evidence in chief, to
show that the accused had made threats against one of the state
witnesses if he should testify against the accused.

ROBBERY (9) — TRIAL—INSTRUCTIONS—TIME OF OFFENSE—ALIBI.
Where all the testimony showed that a robbery had been committed
between the hours of 2:00 and 3:00 o'clock a. m. on the 19th, de-
fendant's alibi defense that he was then at home, is not prejudiced
by an instruction that the state must prove that he did the things
charged "on or about" the 18th.

Appeal from a judgment of the superior court for
King county, Brinker, J., entered November 19, 1923,
upon a trial and conviction of robbery.  Reversed.

*Henry Clay Agnew*, for appellant.
*Malcolm Douglas* and *Bert C. Ross*, for respondent.

BRIDGES, J.—Appellant was charged with and con-
victed of the crime of robbery.  On his cross-exami-
nation by the deputy prosecuting attorney the follow-
ing occurred:

[1]Reported in 227 Pac. 505.

"Q. Were you ever convicted of a crime before? A. I was not, sir. Q. What disposition was made of your case in the juvenile court? A. In the juvenile court, when I was in court you came up here and I was tried and you made a statement to the judge that I was in the hands of an expert forger and you didn't think I was guilty; but I was turned over to the juvenile authorities and they said they had no records up there of it, and they turned me loose. Q. You think I told the judge that you were not guilty at all? You state that I told the judge any such thing as that? A. I can't remember just exactly what you told the judge. Q. Let me refresh your recollection. Wasn't this what I said, that you had fallen in with an expert forger and you had been passing this paper for him. For that reason I would like to have you handled through the juvenile court. Isn't that in substance what I told the court? A. That is partly right and partly wrong. . . . Q. You and your mother came up to my office and talked the thing over and told me about your young wife at that time; and I told you then I would go to the front for you, didn't I? You and your mother both were present in my office in 1920; isn't that a fact? . . . A. I don't remember whether we came up there before the trial or not, but we came up there, my mother and I, and we went to see Mayor Brown. Q. There never was any trial. A. But my mother and I came up and afterwards we went down to Mayor Brown. I got my picture, as I had my picture taken there on this case. We went up there; you gave me a written statement saying I was not convicted; I was turned over to the juvenile authorities. Q. You were turned over to the juvenile authorities and not handled in the superior court at all? But you were charged with forgery in the first degree? A. The case was thrown out of court as far as I can remember. Q. But you know it was transferred automatically, on my suggestion, to the juvenile court; you know that was the disposition made of your case at that time, was it not? A. It was transferred to the juvenile court; but nobody went up to the juvenile court at all, and when I went to the

juvenile court they said they didn't know anything about it. So they just released me.''

To all of this examination and some more of like tenor the appellant's objections were overruled.

By authority of § 2290, Rem. Comp. Stat. [P. C. § 8725], the prosecuting attorney upon cross-examination of appellant·had a perfect right to seek to make him admit that he had been previously convicted of a crime, for that statute provides that:

''Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian, or by other competent evidence, or by cross-examination upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answers thereto.''

If by the cross-examination the prosecuting attorney was seeking to make the appellant admit that he had been previously convicted of a crime, we have no doubt that he would have been within his rights, but if such was not the purpose there was error. We cannot find anything in the record to show that appellant had previously been convicted of a crime. It seems to us that the purpose of this cross-examination, except the first question or two, was to bring out from the appellant that the prosecuting attorney's office had previously accused him of a certain crime, and that because of certain facts or conditions he had not been tried in the superior court but had been remanded to the juvenile court, where no action was taken concerning his guilt or innocence. In other words, it seems plain that this cross-examination was not for the purpose of trying to prove that appellant had been previously convicted of a crime, but to show that he

had been charged with a crime and for some reason not prosecuted.

Proving that one has been charged with a crime is not permissible under the statute quoted, nor is it admissible under any rule of law for the purpose of affecting the credibility of his testimony, because a perfectly innocent man may be so accused; nor can we say that this cross-examination was not prejudicial. When a jury is informed that the defendant has previously been accused by the prosecuting attorney of some offense, it is manifest that it may thereby be prejudiced. But the state contends that this cross-examination was made under such unusual circumstances as to justify it. It may be that the circumstances were unusual and such as would tend to provoke the examination, yet it cannot be held proper on that account.

We are of the opinion that the cross-examination was improper and prejudicial.

In *State v. Strodemier,* 40 Wash. 608, 82 Pac. 915, this court said:

"Had the prosecuting attorney stated that the appellant had been twice before tried in the same court for violating laws of the state for the sole purpose of bringing that fact before the jury, it would have been misconduct on his part; and had the trial court admitted testimony over objection to prove such fact for a like purpose, the ruling would have been plainly erroneous. . . . A showing that a defendant has been charged with crime on at least two former occasions can have no other effect than to prejudice his case in the eyes of the jury, and all attempts to bring such facts before the jury have been strongly condemned by this court. Prosecuting officers should not allude to them, and trial courts should not tolerate the practice. If a defendant takes the witness stand in his own behalf, the state may prove that he has been theretofore convicted of a felony for the purpose of affecting his credibility, but beyond this it cannot go."

It is further contended that the court erred in permitting the prosecuting attorney to question the appellant on cross-examination concerning his conduct with a certain woman in Seattle, and to ask that if, as a matter of fact, he was not, at least for a portion of the time, living with this same woman. The appellant's answer was in the negative and the matter was not further pursued.

In the first place, the testimony had shown the appellant was a married man and had a family, and we think the question was a proper one as tending to affect his credibility as a witness. See *Carr v. State,* 81 Ark. 589, 99 S. W. 831. In any event, there was no prejudice because the appellant answered that he had no such relation with the woman.

In its case in chief the state undertook to prove that the appellant had, at some time before the trial, threatened the life of one of the state's witnesses if he testified against him. The appellant concedes that such testimony might be proper in rebuttal, but contends that it was error to receive it at any other time. It has been constantly held that evidence of flight, concealment, disguise of face and name, denial of identity and the like, of a person accused of a crime may be given in evidence as bearing on his guilt. So, if the appellant here made the threats concerning which inquiry was made, that fact was competent as tending to show his guilt. *State v. Constantine,* 48 Wash. 218, 93 Pac. 317; *State v. Leroy,* 61 Wash. 405, 112 Pac. 635; *State v. Stentz,* 33 Wash. 444, 74 Pac. 588.

Appellant's chief proof of his innocence was an alibi. His testimony in this regard tended to show that between 11:00 o'clock p. m., December 18, and 9:00 o'clock the next morning he was at his home. It is claimed that the court, in effect, destroyed the value of this testimony by instructing the jury that one of

the things which the state must prove was that "on or about" the 18th day of December, 1923, the defendant unlawfully did the things with which he is charged. The complaint is that the instruction should have fixed the exact time of the alleged offense. While it might have been better if the instruction had been a little more specific in this regard, yet there was no error. All the testimony showed the crime had been committed between the hours of 2:00 and 3:00 o'clock a. m. on the 19th of December. The appellant's alibi testimony tended to prove that during that time he was at his home. Under these circumstances, it is impossible for the jury to have been misled.

We do not deem it necessary to discuss other claimed errors because they are not likely to occur upon a retrial.

On account of the error pointed out in the cross-examination of the appellant, the judgment is reversed and the cause remanded for a new trial.

FULLERTON and PARKER, JJ., concur.

MITCHELL, J., concurs in the result.