[No. 30993. Department Two. December 31, 1949.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD K. BROWN, *Appellant.*[1]

[1]Reported in 213 P. (2d) 305.

380

*Robertson & Smith,* for appellant.

*Leslie M. Carroll* and *Clarence P. Smith,* for respondent.

HAMLEY, J.—Defendant was convicted on each of two counts of an information charging him with the crime of sodomy. His motion for a new trial was denied. He has appealed from the judgment and sentence entered on the verdicts.

Count I of the information charged the offense as having been committed with one Dale Williams, at Spokane, Washington, on or about January 15, 1947. Count II charged the offense as having been committed with Dale Williams, at

Spokane, on or about October 15, 1947. The state's case consisted of the testimony of Dale Williams and four police officers, including the chief of police of Spokane and the assistant chief of police. Appellant took the stand in his own defense, but produced no other witnesses. The trial lasted less than two days, more than half of the time being taken up by arguments to the jury.

Appellant first assigns as error the use of the words "or about" before the date of October 15, 1947, in instruction No. 5 defining the elements of the offense charged in count II. He contends that the use of these words, the prosecuting attorney's emphasis thereon in his argument to the jury, and the court's refusal to recall the jury and reread the instruction with these words omitted, in effect destroyed appellant's defense of an alibi as to count II.

The information charged that the offense set up in count II was committed "on or about the 15th day of October, 1947." The prosecuting attorney read the information to the jury during his opening statement. From this time on, however, until the prosecuting attorney's closing argument, the state's case was presented on the theory that this offense was committed on the precise date of October 15th. This definite date was referred to in the prosecuting attorney's opening statement, again when the prosecuting attorney questioned the state's principal witness, Dale Williams, and also in the prosecuting attorney's opening argument to the jury after the evidence was in.

Appellant's counsel accordingly confined his attention to that particular date when he questioned appellant and produced testimony tending to show an alibi. This testimony was to the effect that appellant was in San Francisco between October 1 or 2, 1947, and October 18th, returning to Spokane on the 18th. If this was true, appellant could not have committed the crime in Spokane on October 15th. His testimony on this point was supported by the introduction in evidence of several of his canceled checks which had been cashed at the St. Francis and Clift hotels in San Francisco at various times between October 3rd and Oc-

tober 18th. One of these checks was cashed in San Francisco on October 14th and another on October 16th.

In an attempt to break down this alibi, the prosecuting attorney, in his opening argument to the jury, suggested that, by a quick round trip airplane ride, appellant could have cashed a check in San Francisco on October 14th, been in Spokane on October 15th, and returned to San Francisco in time to cash another check on October 16th. Counsel for appellant then, in his argument to the jury, ridiculed the suggestion that appellant made such an airplane trip, and argued that the alibi as to the October 15th offense was clearly established by the canceled checks. The prosecuting attorney, in his closing argument, renewed the suggestion that a round trip ariplane ride could account for appellant's presence in Spokane on October 15th.

However, in an apparent attempt to escape the force of appellant's alibi defense, the prosecuting attorney then read to the jury a portion of instruction No. 5, which stated that the question before the jury was whether the offense was committed "on or about" the 15th day of October, 1947. The prosecuting attorney emphasized the point by saying:

"Those are not my words, gentlemen of the jury. Those are the instructions of the Court. You are bound to follow them."

Immediately upon the retirement of the jury, defense counsel excepted to the words "or about" contained in instruction No. 5, and requested that the jury be brought back and that the instruction be again read with those words eliminated. This request was denied.

■ Under the circumstances, it is clear that, however general was the wording of the information, the state elected to prove the offense as of the exact date of October 15th. In reliance thereon, appellant presented his alibi defense. The particular alibi defense offered would have no validity if the state had not relied upon some date between October 1st and October 17th, during which time appellant claimed to be in San Francisco. Accordingly, it is plain that the instruction which purported to relieve the state of showing

that the crime was committed on the exact date, October 15th, was erroneous and prejudicial. This is particularly true in view of the emphasis which the prosecuting attorney placed upon the instruction in his closing argument.

The controlling rule is stated in *State v. Severns*, 13 Wn. (2d) 542, 560, 125 P. (2d) 659, as follows:

"When the complaining witness has fixed the exact time when the act charged was committed, and the defense is an alibi, the commission of the crime on the exact date so fixed is the controlling issue, and the jury should be instructed that they must find the act to have been committed at that time. *State v. Morden,* 87 Wash. 465, 151 Pac. 832."

This statement of the law was quoted with approval in the recent case of *State v. Coffelt,* 33 Wn. (2d) 106, 204 P. (2d) 521. See, also, *State v. King,* 50 Wash. 312, 97 Pac. 247. In *State v. Arnold,* 130 Wash. 370, 227 Pac. 505, an instruction which used the words "on or about" in connection with the date of the crime, was held not to call for reversal, even though an alibi defense was involved. But there it was pointed out that no attempt was made by the prosecution to prove or suggest that the crime took place at a time different than that relied upon in the alibi defense. Accordingly, we said: "Under these circumstances, it is impossible for the jury to have been misled." In the case now before us, the prosecuting attorney very definitely attempted to use the instruction for the purpose of escaping the date limitation which made the alibi defense effective. The jury, therefore, may have been misled into rejecting the alibi defense by concluding that the offense was committed before October 1st or after October 17th.

We therefore conclude that it was reversible error, as to count II, to include the words "on or about" in instruction No. 5. We do not believe, as appellant urges, that this error also entitles him to a reversal as to count I.

Appellant assigns as error the failure of the trial court to sustain a defense objection to the prosecuting attorney's argument relative to the immunity, if any, enjoyed by Dale Williams in appearing as the principal witness for the state.

In connection with the police investigation of this case, Williams was questioned, and admitted to the police that he was an accomplice. He also told police officers of other similar acts in which he had participated with persons other than appellant. Williams was not arrested, and later moved to Portland, Oregon. Before this trial, a deputy prosecuting attorney and a police officer from Spokane called on Williams in Portland and told him that, under a law providing for the summoning of material witnesses from other states, Williams would be immune from prosecution if he would return to Spokane and testify in this case. Williams consulted his own attorney in Portland and was given the same advice. Williams thereafter voluntarily returned to Spokane for the purpose of testifying. He was not served with any process in the case until he returned to Spokane, whereupon he was served with an ordinary subpoena. There was accordingly a failure to comply with the provisions of the material witness act, Rem. Supp. 1943, §§ 2150-3, 2150-4 [P.P.C. §§ 127M-35, -37]. This act confers immunity only where a proper certificate is issued by a court of record in this state and presented to a judge of a court of record in the county of the other state in which the witness is found.

During the argument, counsel for appellant made much of this matter of immunity, telling the jury that Williams came into court with the "badge of immunity" given him by police officers and the prosecuting attorney. The prosecuting attorney, in his argument to the jury, combatted this by stating that any immunity enjoyed by Williams was given him by the law. Counsel for appellant objected on the ground that there was no instruction on the question of immunity and the prosecuting attorney could not, therefore, undertake to advise the jury as to the law on this material point. The objection was overruled.

■ The practice of arguing questions of law to the jury, other than to read instructions which have been given by the court, is not favored, and the trial court may refuse to permit such argument. *Ryan v. Lambert,* 49 Wash. 649, 96

Pac. 232. But a case should not be reversed for this reason alone, unless it is manifest that prejudicial effects resulted therefrom. *Gallagher v. Buckley,* 31 Wash. 380, 72 Pac. 79; *Williams v. Spokane Falls & Northern R. Co.,* 39 Wash. 77, 80 Pac. 1100, modified on other grounds in 42 Wash. 597, 84 Pac. 1129.

We do not believe that appellant was prejudiced by the prosecuting attorney's incorrect statement that the law gave Williams immunity. Williams believed he was testifying pursuant to immunity accorded by statute. He had been so advised by his personal attorney. Accordingly, he was not motivated in his testimony by any thought that, if he failed to testify as desired by enforcement officials, his immunity could be withdrawn. The important thing is the state of mind of the witness. His state of mind at the time he testified was obviously not affected by the fact, later disclosed, that he had no absolute right to immunity. Not even counsel for defense challenged the correctness of the prosecuting attorney's statement until counsel moved for a new trial. Since the record does not support the attempt to impeach Williams' testimony on the ground of promised immunity, the questioned statement of the prosecuting attorney was not prejudicial.

Appellant contends that certain statements made by the prosecuting attorney during his argument to the jury constitute misconduct entitling appellant to a new trial. The prosecuting attorney told the jury that they had a duty to the community and if they listened to the argument of defense counsel, "this will become a city of sodomy." The prosecuting attorney was not specifically referring to a failure to convict the appellant. He was referring to defense arguments which he construed as asking for special treatment for appellant because he was a prominent business man, and as asking for acquittal because the state's witness, Dale Williams, was being treated more favorably.

In a prosecution for rape, we have held it not to be prejudicial error for the prosecuting attorney to warn the

jury that if they did not find the defendant guilty, one of the jurors, or the wife of one of them, would "wake up some day and find the same thing happens to you." *State v. Baker*, 30 Wn. (2d) 601, 192 P. (2d) 839. The warning, here, that "this will become a city of sodomy," made with reference to certain arguments advanced on behalf of appellant, though not to be commended, was less inflammatory than the warning to the jury in the *Baker* case. The use of these words did not constitute prejudicial misconduct.

■ In his argument to the jury, the prosecuting attorney referred to appellant as "a pervert," and said that appellant "does not think like we do."

We have held that, while intemperate assertions of opinion not based upon evidence will not be tolerated, prosecuting officers will be permitted a reasonable latitude in argumentative deduction from the evidence. *State v. Peeples*, 71 Wash. 451, 129 Pac. 108. In *State v. Evans*, 145 Wash. 4, 258 Pac. 845, we held it not to be misconduct for the prosecuting attorney to refer to the defendant as a "red-handed murderer," saying that it was a conclusion which could be legitimately drawn from the evidence. In *State v. Buttry*, 199 Wash. 228, 90 P. (2d) 1026, we held it not prejudicial, in a murder trial, to call the defendant a vicious killer, saying that if the evidence indicated he was a murderer or killer, it was not prejudicial to so designate him.

We agree with the trial court that it could be legitimately adduced from the evidence that appellant here was guilty of sex perversion. See 48 Am. Jur., Sodomy, p. 549, § 2. Accordingly, it was not prejudicial error to refer to him in the manner indicated, or to state that he "does not think like we do."

■ Likewise, it was not prejudicial error for the prosecuting attorney to tell the jury that "the people of this community have a vital interest in the outcome of this trial." Under the facts adduced, we think the statement justified. In any event, it was not so inflammatory as to deny appellant a fair trial.

■ The prosecuting attorney told the jury that if a verdict of not guilty was returned, "you have said by that verdict that these police officers are liars and perjurers." Appellant points out that, even if the police officers were believed, appellant could not be convicted unless the witness Dale Williams was also believed, since he was the only witness who put the *corpus delicti* in the case. The jury was instructed to this effect by instruction No. 7. The statement of the prosecuting attorney was therefore incorrect as a matter of law. Appellant immediately objected to the statement and asked that the jury be instructed to disregard it. The request was refused.

Twice in the course of the prosecuting attorney's argument he advised the members of the jury that appellant could not be convicted unless they believed the witness Williams. He called their attention to the court's instruction on the point. Likewise, defense counsel several times called the jury's attention to instruction No. 7. In this short trial involving relatively simple issues, where the instructions were so explicit and were repeatedly referred to in the arguments, we do not believe that the prosecuting attorney's statement here in question, although incorrect, constituted prejudicial error.

■ In addition to considering, individually, these various statements alleged to constitute misconduct, we have also considered their cumulative effect. In this connection we take note of the fact that, throughout the examination of witnesses and the argument, appellant's counsel repeatedly insinuated that appellant was being prosecuted only because he was a prominent business man and that Williams testified under threats of arrest and prosecution. Williams was called a "petty tool of the police department," and a "parrot." There was no evidence in support of any of these inferences. When defense counsel, without support in the record, casts innuendos upon the good faith and fairness of police and prosecuting officials, the provocation may excuse statements by the prosecuting attorney which would not otherwise be permissible. *State v. Wright,* 97 Wash. 304,

166 Pac. 645; *State v. Van Luven,* 24 Wn. (2d) 241, 163 P. (2d) 600. What constitutes misconduct depends upon the circumstances of each case. *State v. Hart,* 26 Wn. (2d) 776, 175 P. (2d) 944. We agree with the trial court that the statements made by the prosecutor in this case, considered individually or cumulatively, did not result in prejudice requiring a new trial.

Appellant's seventh assignment of error relates to the action of the trial court in overruling an objection to a question as leading, and in refusing to strike the answer of the witness. We have examined the testimony in question, and conclude that the question and answer were proper and, in any event, were not prejudicial to appellant.

We find no error in the trial court's refusal to give appellant's requested instructions Nos. 10 and 11. These requested instructions related to the weight to be attached to witness Williams' testimony in the event such testimony was given because of fear of prosecution or promises of immunity. The court's instructions Nos. 6 and 11 adequately instructed upon the law of alibi, the law of accomplices, and upon the law as to the general manner in which the jury should weigh the testimony.

The judgment as to count I is affirmed. The judgment as to count II is reversed, and the cause remanded for a new trial on that count.

ROBINSON, MALLERY, and HILL, JJ., concur.

SIMPSON, C. J., concurs in the result.

---

March 9, 1950. Petition for rehearing denied.