[No. 95-40879-3.    Division Three.    February 25, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL WILSON, *Appellant.*

1002

*Dellwo, Rudolf & Grant* and *William J. Grant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *LeRoy C. Kinnie, Deputy,* for respondent.

GREEN, J.—Defendant, Paul Wilson, was charged with and convicted on two counts of indecent exposure and indecent liberties involving two female children. He appeals, claiming that the trial court erred in its refusal to (1) strike the testimony of the two minor children involved; (2) grant defendant's motion for arrest of judgment or for new trial based upon several items of claimed error occurring during the trial; and (3) declare a mistrial as a result of a certain question propounded by the prosecution during cross-examination of a witness.

First, defendant urges that the testimony of the two prosecuting witnesses, age 8 and 9 years, should have been stricken, and not admitted into evidence. He contends their testimony demonstrated a lack of independent recollection necessitating the use of leading questions. RCW 5.60.050 in pertinent part provides:

Who are incompetent. The following persons shall not be competent to testify:

.  .  .

(2) Children under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.

It is clear that a child is not disqualified as a witness as a matter of law by reason of youth; rather, intelligence is the proper standard used to determine the competency of a child witness. *State v. Allen,* 70 Wn.2d 690, 424 P.2d 1021 (1967).

In *State v. Allen, supra,* in finding that a 6-year-old female child who was a prosecuting witness was competent to testify, the court said at 692:

The true test of the competency of a young child as a witness consists of the following: (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

The determination of the witness's ability to meet the requirements of this test and the allowance or disallowance of leading questions (*State v. Davis,* 20 Wn.2d 443, 446, 147 P.2d 940 (1944), rest primarily with the trial judge who sees the witness, notices his manner, and considers his capacity and intelligence. These are matters that are not reflected in the written record for appellate review. *Their determination lies within the sound discretion of the trial judge and will not be disturbed on appeal in the absence of proof of* a manifest abuse of discretion. *State v. Ridley,* 61 Wn.2d 457, 378 P.2d 700 (1963), and authorities cited.

(Italics ours.) See also *State v. Wyse,* 71 Wn.2d 434, 429 P.2d 121 (1967); *State v. Marks,* 71 Wn.2d 295, 427 P.2d 1008 (1967).

The record reflects that before the trial judge permitted the children to testify in the presence of the jury, he questioned each of them and concluded they were competent to testify. A careful reading of the record does not indicate

the trial court abused its discretion in admitting into evidence the testimony of the two prosecuting witnesses. In fact, the record shows their testimony was corroborated by two other child witnesses over the age of 10 years whose competency was not questioned.

■ Second, defendant claims error in the refusal to grant defendant's motion for arrest of judgment or for new trial. This motion was based upon several grounds. The deputy prosecuting attorney in his examination of a prospective juror asked the following question:

Q. . . . Mr. Larkin, do you think it is possible for a grown man to get some sort of sexual gratification from little children?

Defendant's objection was sustained and the court so admonished the members of the panel. Defendant insists that the question was inflammatory in the extreme and constituted such prejudicial conduct that an admonishment could not cure it. We disagree. The nature of the charge in and of itself would naturally cause a juror to ask himself this question if he found that the defendant was in fact guilty. While this type of question cannot be condoned and an objection was properly sustained, we do not believe that, in light of other evidence produced in the trial, the question was so inherently prejudicial that the court's admonishment could not correct it. *State v. Suleski*, 67 Wn.2d 45, 406 P.2d 613 (1965) cited by defendant is not applicable to the instant situation.

■ In support of the motion for arrest of judgment or new trial, defendant claims he should have been permitted to question one of the child witnesses concerning his juvenile delinquency record insofar as it might affect his credibility. It is of course the general rule that a prior conviction of a crime is admissible as affecting the credibility of a particular witness. However, a juvenile record does not constitute a conviction of a crime. RCW 13.04.240. Therefore, there was no error in refusing to allow the juvenile record to be admitted into evidence. The court did permit considerable leeway in the examination of this witness so

that it was quite clear to the jury that this witness had run away from home many times and in fact during the events in question was a run-away.

The last ground in support of the motion for arrest of judgment or new trial related to testimony that one of the older sisters of two prosecuting witnesses took pictures of the prosecuting witnesses in the nude in the living room of the defendant's home. The pictures were not produced but testimony was permitted as to their having been taken. Testimony reflects the defendant was present but does not show he initiated the event. This testimony helped to explain the circumstances and setting surrounding the alleged criminal acts. We believe that the admissibility rests in the sound discretion of the trial judge and his discretion will not be disturbed. *State v. Schrager*, 74 Wn.2d 75, 442 P.2d 1004 (1968).

Third, defendant claims the court erred in refusing to declare a mistrial during the cross-examination by the prosecution of a character witness, Lloyd Wollenhaupt. The following sequence of events occurred:

Q. (Prosecuting Attorney): Mr. Wollenhaupt, are you aware that on March 6, 1965, Paul committed two indecent liberties with a child by the name of Mary Ann Wall?

Mr. George: Your Honor, may we approach the bench?

The Court: Yes.

PROCEEDINGS TO THE COURT AT THE BENCH.

Mr. George: Your Honor, that was reduced to vag, which is an entirely different crime, Your Honor. That's all he was charged with and the charge was reduced.

Mr. Reed: It brings up his good character, Your Honor.

The defendant's motion for mistrial at this point, based upon the question asked, was denied and the jury was instructed to disregard the question. Immediately thereafter, the deputy prosecuting attorney continued with the following question:

Q. And, Mr. Wollenhaupt, are you aware that this involvement with this 7-year-old, Mary Ann Wall, was the

basis of a charge that was reduced to being a lewd and dissolute and disorderly person?

The defendant again moved for mistrial and the motion was denied, but an objection to the question was sustained. It is the rule in this jurisdiction that a character witness may be cross-examined as to his knowledge of defendant's particular acts of misconduct. *State v. Cyr,* 40 Wn.2d 840, 845, 246 P.2d 480 (1952). In *State v. Cyr, supra,* the rule was stated as follows at 845:

> This court, however, adheres to the general rule that cross-examination, in situations of this kind, must be limited to an effort to discredit the testimony of the character witness. *State v. Presta,* 108 Wash. 256, 183 Pac. 112. Stated conversely, the rule is that such cross-examination may not be utilized for the primary purpose of discrediting the person on trial. *State v. Bozovich,* 145 Wash. 227, 259 Pac. 395.

From our review of the record, we cannot say the trial court abused its discretion nor committed reversible error in denying a mistrial. *State v. Donaldson,* 76 Wn.2d 513, 458 P.2d 21 (1969).

■ In *State v. Mines,* 1 Wn. App. 433, 435, 462 P.2d 569 (1969), we said:

> Our Supreme Court had held the final measure of error in a criminal case is not whether a defendant was afforded a perfect trial, but whether he was afforded a fair trial. *State v. Schrager,* 74 Wn.2d 75, 81, 442 P.2d 1004 (1968). One of the criteria of a fair trial is whether irrelevant and inflammatory matter has been introduced which would have a natural tendency to prejudice the jury against the accused. If so, it is not a fair trial. *State v. Green,* 71 Wn.2d 372, 428 P.2d 540 (1967); *State v. Miles,* 73 Wn.2d 67, 436 P.2d 198 (1968).

Defendant had a fair trial. Judgment is affirmed.

EVANS, C. J., and MUNSON, J., concur.

---

Petition for rehearing denied April 16, 1970.