[No. 756-2.    Division Two.    July 19, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. CLARK JAMES DANLEY, JR., *Appellant*.

*R. Bruce Harrod*, for appellant (appointed counsel for appeal).

*John C. Merkel*, *Prosecuting Attorney*, and *Stephen E. Alexander*, *Deputy*, for respondent.

PEARSON, C.J.—Defendant, Clark James Danley, Jr., appeals from his conviction for the crime of indecent liberties.

For the reasons set forth below, we affirm the judgment but remand the case for correction of a clerical mistake in the judgment and sentence.

■ Defendant points out that the judgment and sentence recite that his trial was held on November 17, 1969, whereas he was actually tried on October 28 and 29, 1969. Defendant candidly characterizes this mistake as a clerical error. We have reviewed the record and agree with defendant's characterization. The mistake does not really cast into doubt the court's right or ability to enter judgment and impose sentence at the time judgment and sentence were entered. In our view, what was said in *State v. Jones,* 67 Wn.2d 506, 408 P.2d 247 (1965) at 513 is equally applicable here:

> [This recital] being formal and apparently not affecting the validity of the judgment and sentence may, on notice to the defendant, be corrected by the trial court without its vacating the judgment and sentence.

During oral argument, defendant intimated that the correction of this clerical error necessitated resentencing. In our view, *Jones* permits correction of purely clerical mistakes in judgments and sentences in criminal cases without the necessity or expense of resentencing. Accordingly, the case is remanded for this limited purpose.

We now turn to defendant's three substantive assignments of error. Defendant first contends that the trial court's "on or about" instruction[1] effectively nullified his alibi defense. Moreover, defendant contends that the error is magnified in this instance because he filed a pretrial motion for a bill of particulars and the prosecutor's bill, in

---

[1]The trial court instructed the jury as follows:

"To convict the defendant of the crime of Indecent Liberties herein charged, the State must prove to you beyond a reasonable doubt all of the following elements:

"1. That on or about the 15th day of April, 1969, the defendant, CLARK JAMES DANLEY, JR., did take indecent liberties with . . . ;

"2. That the said . . . . , was at said time under the age of 15 years;

"3. That such act so occurred in Kitsap County, State of Washington."

fact, recites that the crime took place "on the 15th day of April, 1969."

Unquestionably, the giving of a so-called "on or about" instruction can constitute prejudicial error in an appropriate case. *E.g., State v. Severns,* 13 Wn.2d 542, 125 P.2d 659 (1942); *State v. Brown,* 35 Wn.2d 379, 213 P.2d 305 (1949). However, the mere fact that an alibi defense is raised does not, ipso facto, render the "on or about" instruction erroneous. *State v. Arnold,* 130 Wash. 370, 227 P. 505 (1924). As *State v. Brown* holds, the question is whether or not the jury is misled by the instruction into improperly rejecting the alibi.

In this case, the state's evidence of the time and place of the crime centered on the morning of Tuesday, April 15, 1969, in rural Kitsap County, the day defendant claimed to have been in Seattle. The young prosecuting witness identified that time and date by referring to school attendance records which showed that April 15, 1969 was the only date in April when she had missed half a day of school.

It is true that some other state's witnesses could not recall which Tuesday in April they had observed events bearing upon the commission of the crime. Their testimony suggested the 8th and the 22nd, as well as the 15th. The prosecuting attorney, however, did not seek to establish by the evidence or in his argument that the offense was committed on any date other than April 15.

We think the distinction expressed in *State v. Brown, supra* at page 383 between prejudicial and nonprejudicial use of the "on or about" language where an alibi is asserted applies to this case:

> In *State v. Arnold,* 130 Wash. 370, 227 Pac. 505, an instruction which used the words "on or about" in connection with the date of the crime, was held not to call for reversal, even though an alibi defense was involved. But there it was pointed out that no attempt was made by the prosecution to prove or suggest that the crime took place at a time different than that relied upon in the alibi defense. Accordingly, we said: "Under these circumstances, it is impossible for the jury to have been mis-

led." In the case now before us, the prosecuting attorney very definitely attempted to use the instruction for the purpose of escaping the date limitation which made the alibi defense effective. The jury, therefore, may have been misled into rejecting the alibi defense by concluding that the offense was committed before October 1st or after October 17th.

It is our conclusion that under the circumstances of this case the "on or about" instruction did not mislead the jury into improperly rejecting defendant's alibi defense.

■ Defendant's contention that the state's bill of particulars magnifies the use of the instruction misses the point. The vice of the "on or about" instruction is that the *jury* may be misled into rejecting an otherwise valid defense, not that defendant is misled in the preparation of his defense. If defendant had a valid complaint regarding the state's abuse of the bill of particulars, he should have raised the issue when the state's evidence began to vary from the facts contained in the bill. No objection having been made at the time, the error, if any, is deemed waived.

■ ■ Next, defendant contends that the trial court erred in refusing to permit a physician who examined the victim several weeks after the crime was committed from testifying to his findings. To begin with, defendant made no offer of proof to fairly advise the trial court of the evidence which he expected to develop from the witness. Failure to make such an offer precludes appellate review. *State v. Rakes,* 2 Wn. App. 833, 472 P.2d 399 (1970). Appellant urges on appeal that the doctor's testimony could well have cleared up a conflict in the testimony as to whether or not penetration had occurred. This argument is not persuasive, since the charge was indecent liberties and not rape. The exclusion, if erroneous, was harmless.

■ Finally, defendant contends that the trial court erred in failing to grant a new trial on the grounds of newly discovered evidence. We agree with defendant that *State v. Gibson,* 75 Wn.2d 174, 449 P.2d 692 (1969) sets forth the applicable law. *Gibson,* however, expressly holds

that the newly discovered evidence must not be merely cumulative or impeaching.

We have thoroughly reviewed the affidavits and conclude that they are of impeachment value only. The trial court did not abuse its discretion in refusing to grant a new trial. *State v. Canaday,* 79 Wn.2d 647, 488 P.2d 1064 (1971).

Judgment affirmed, but remanded for correction of a clerical error.

PETRIE and ARMSTRONG, JJ., concur.