THE STATE OF WASHINGTON, *Respondent*, v. PAUL C. WILSON, *Appellant*.

*Robert D. McGoldrick*, for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney*, and *Gregory G. Staeheli, Deputy*, for respondent.

EVANS, J.*—Appellant, Paul Wilson, appeals from the denial of his petition for post-conviction relief.

Wilson was convicted in 1968 on two criminal counts—indecent exposure and indecent liberties—involving two female children, ages 8 and 9. Following judgment and sentence of not more than 20 years in the state penitentiary, he appealed to this court and the judgment was affirmed.

---

*Judge Hugh H. Evans is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

*See State v. Wilson*, 1 Wn. App. 1001, 465 P.2d 413 (1970). His petition for review was denied by the Supreme Court in July 1970, and shortly thereafter he began serving his sentence in the state penitentiary. He is now on parole.

On February 26, 1975, Wilson applied directly to this court for post-conviction relief under CrR 7.7.[1] He contended that in the original trial in 1968 the court erred in refusing to allow his counsel to cross-examine one of the state witnesses, a boy named Thomas, then age 12, concerning his juvenile record. He also contended that the two eyewitnesses to the offenses charged, Thomas and another boy named Orlin, then age 11, and one of the victims had recanted their testimony. The petitioner submitted affidavits of one of the girl victims, her brother, sister, and mother. Chief Judge McInturff of this court was unable to state the application was frivolous and remanded the matter to the Superior Court for Spokane County for a prompt hearing in accordance with CrR 7.7.

The matter was referred to Judge George Shields, one of the judges of that court, who held a conference in chambers with both counsel. After being informed of the evidence to be presented, and after hearing the contentions of the parties, he ordered the production of the juvenile record of the witness, Thomas, as well as the file of the original trial. He established a schedule for filing briefs and the case came on for hearing on May 29, 1975. At that time the appellant, Paul Wilson, was present with his attorney and the State was represented by a deputy prosecuting attorney for Spokane County. The matter was submitted to the court on the affidavits which had previously been presented to the Chief Judge of the Court of Appeals, plus the affidavit of Thomas, his juvenile record, and the file of the original trial held in 1968. Following arguments, the court rendered a 20-page oral opinion in which he reviewed the affidavits presented, as well as the other records before him. The petitioner then requested a continuance for the purpose of

---

[1]CrR 7.7 has been superseded by Rule 16.3 through 16.5, Rules of Appellate Procedure.

presenting further evidence. The court granted a continuance to August 20, 1975. On that date, petitioner presented the affidavit of witness Thomas, but offered no further witnesses who could testify to anything material to the issues before the court and made no offer of proof in that regard.

Judge Shields found: (1) The contents of the affidavits submitted were not sufficient to constitute a recantation of the original testimony of the witnesses; and (2) the court in the 1968 trial did not commit error in refusing to allow defense counsel to use the juvenile record of Thomas for the purpose of impeaching his credibility as a witness.

Findings, conclusions, and judgment were entered accordingly. Petitioner appeals.

We have detailed the proceedings at some length and as best we can based upon the limited record before us,[2] for the reason that the defendant now claims the proceedings before Judge Shields were not in accordance with CrR 7.7 and should have been by oral testimony, not affidavits.

He contends that CrR 7.7 requires such a hearing to be as "nearly like a trial as possible" but cites no authority for that particular language and it is not contained in the rule. We find nothing in CrR 7.7 which suggests that the hearing shall be by oral testimony under all circumstances.

In considering the purpose of the hearing, we are persuaded that whether the hearing be by affidavit or live testimony depends upon the circumstances of each case and is within the sound discretion of the hearing judge. The usual consideration would appear to be if cross-examination of witnesses is necessary to resolve a disputed fact at issue. This is analogous to and consistent with the provisions of CrR 7.7(f) which leaves it to the discretion of the hearing judge whether or not the petitioner be required to be present.[3]

---

[2] The statement of facts consists solely of the judge's memorandum opinion.

[3] CrR 7.7(f) provides:

"A court may hear the petition without requiring the presence of the petitioner at the hearing. Upon timely motion and a showing of good cause, the court may order the petitioner's presence at the hearing."

In the present case, there were no witnesses opposing petitioner's effort to vacate the original judgment and sentence. None of the affiants were hostile to him; in fact, they are now, and for whatever reasons they have, on friendly terms with Wilson. They were petitioner's witnesses, whom he had no occasion or right to cross-examine.

On the other hand, the prosecuting attorney called no witnesses and expressed no desire to cross-examine petitioner's witnesses. Apparently, he was willing for the court to accept the affidavits at face value without questioning their validity, the circumstances under which they were given, or the reasons the affiants gave for now wanting to change their original testimony. The court accepted them on that basis, and thus gave to petitioner the full benefit of their contents.

We find no merit to petitioner's contention that the proceedings before Judge Shields were not in accordance with CrR 7.7.

Petitioner's principal assignment of error is directed to the holding of Judge Shields that in the original trial in 1968, the trial judge did not commit error when he refused to allow Wilson's counsel to impeach the credibility of a key witness, Thomas Brimmer, by using his juvenile court record.

In an offer of proof in that case, counsel for defendant stated:

> To make my offer of proof, let it be said it is the understanding of defendant's counsel that Tommy Brimmer, one of the witnesses for the State, has an extensive juvenile record that goes back for several years, and that it is the position of the defendant that in the event Tommy Brimmer is called as a witness for the State that the juvenile record of said witness should be made available to the defendant for the purpose of cross-examination and to attack his credibility.

It is well established in this state that juvenile delinquency records may not be used to impeach the credibility of a witness. This is because an adjudication of juvenile delinquency does not constitute a criminal conviction. *State*

*v. Temple*, 5 Wn. App. 1, 485 P.2d 93 (1971); RCW 13.04.240. However, petitioner's counsel contends that the recent case, *Davis v. Alaska*, 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974), holds otherwise and supersedes the state law. We do not agree. *Davis* merely holds that a witness with a juvenile record may be cross-examined as to that record to show bias of the witness. In the *Davis* case, defense counsel attempted to show that the witness was biased because he was on juvenile probation and his testimony might have been affected by promises or threats that could have been made by the arresting officers. The trial court had refused to permit any cross-examination along those lines which might show bias.

In the present case, while the trial judge initially refused to make the juvenile court record of Thomas available to defense counsel, the fact that Thomas had been in juvenile court several times as a runaway and for being an incorrigible was brought to the attention of the jury. Furthermore, the jury was informed that Thomas was in juvenile custody at the time he was questioned by detectives from the Young Peoples Division of the Spokane Police Department. Thomas had been taken to the juvenile detention home by his father, as a runaway.

If it was the purpose of defense counsel to impeach the testimony of Thomas by demonstrating his bias within the rule of *Davis*, it was incumbent upon him to make this purpose known to the trial court in his offer of proof. *State v. Stambach*, 76 Wn.2d 298, 303, 456 P.2d 362 (1969); *State v. Danley*, 9 Wn. App. 354, 357, 513 P.2d 96 (1973). This defense counsel failed to do. Judge Shields held, and we agree, that the jury was afforded ample basis upon which to judge the witness' credibility. Cross-examination proceeded with reasonable latitude, even in the absence of the juvenile delinquency records, and shows no abuse of discretion by the trial court in the limits imposed. *State v. Temple*, 5 Wn. App. 1, 4-5, 485 P.2d 93 (1971).

With reference to defendant's claim of recantation, Judge Shields found that the contents of the affidavit presented,

when considered in the light of all surrounding circumstances, were not sufficient to constitute a recantation. Petitioner did not except to the court's findings and they need not be reviewed by this court. CAROA 43. However, we do observe that the so-called recantation of Thomas, in our opinion, affirms rather than recants his original testimony. It is only in minor details that his present testimony differs and even those differences must be attributed to the inevitable fading of memory with the passing of time. Our impression of the present attitude of Thomas, based upon his affidavit, is that the importance of the incident involving Wilson and the two girls was, as he said, "exaggerated" by the detectives who investigated. His original testimony concerning that incident, however, remains basically the same.

In the absence of error, defendant's motion for arrest of judgment and/or a new trial was properly denied. To the extent the defendant has stated other grounds in his alternative motion, those grounds have not been supported by argument or citation of authority, and will not be considered. *Talps v. Arreola*, 83 Wn.2d 655, 657, 521 P.2d 206 (1974).

Judgment affirmed.

GREEN and MUNSON, JJ., concur.

Petitions for rehearing denied February 8, 1977.

Review denied by Supreme Court June 28, 1977.

[No. 1589-3. Division Three. November 24, 1976.]