

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73443-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHAD REGAN MYERS, | ) | |
| Appellant. | ) | FILED: August 1, 2016 |

TRICKEY, A.C.J. — Chad Myers appeals his judgment and sentence for a hit and run injury accident conviction. His defense was that he did not know he had been in an accident when he left the scene. He argues the to-convict instruction was misleading because it would have allowed the jury to convict him even if the jurors believed his defense. We hold that an ordinary juror would not interpret the to-convict instruction in the way Myers finds misleading. We affirm.

## FACTS

On August 12, 2012, Myers was driving home in his pickup truck with a passenger. As Myers rounded a curve, he flipped the truck, and it skidded to a stop. The passenger sustained mild injuries. Myers left the scene without attending to his passenger or waiting for the police. The accident happened about a mile from Myers' home.

That same day, the police identified Myers as the driver because Myers had left his wallet at the scene. They attempted to reach Myers at home but he did not answer.

Within the next few days, the police spoke to Myers. Myers said that, because he hit his head, he could not remember leaving the scene of the accident. The State charged Myers with hit and run injury accident. The case proceeded to a jury trial.

The State proposed a "to-convict" instruction that matched the pattern jury instruction for this offense.[1] The instruction required the State to prove that "on or about the 12th day of August, 2012, [Myers] was the driver of a vehicle."[2] When discussing the State's proposed instructions with both parties, defense counsel stated, "And then just for the purposes of the record, Your Honor, with the objections and exceptions, for maximum protection, potential appellate issues, defense would object to the State's instructions as given."[3] The court asked if he was objecting to all of the instructions, generally, and if he had any specific objections.[4] He responded that he did not have any specific objections.[5]

The court gave the State's "to-convict" instruction:

> To convict the defendant of hit and run injury accident, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 12th day of August, 2012, the defendant was the driver of a vehicle;
> (2) That the defendant's vehicle was involved in an accident resulting in injury to any person;
> (3) That the defendant knew that he had been involved in an accident;
> (4) That the defendant failed to satisfy his obligation to fulfill all of the following duties:
> (a) Immediately stop the vehicle at the scene of the accident or as close thereto as possible;

---

[1] Clerk's Papers (CP) at 179-80.
[2] CP at 179.
[3] Report of Proceedings (RP) (Feb. 18, 2015) at 37.
[4] RP (Feb. 18, 2015) at 37.
[5] RP (Feb. 18, 2015) at 37.

(b) Immediately return to and remain at the scene of the accident until all duties are fulfilled;

(c) Give his name, address, insurance company, insurance policy number and vehicle license number, and exhibit his driver's license, to any person injured in the accident;

(d) Render to any person injured in the accident reasonable assistance; and

(5) That any of these acts occurred in the State of Washington.[6]

During deliberations, the jury posed two questions about the to-convict instruction. First, the jury asked, "On Instruction 6: #3) That the defendant knew that he had been involved in an accident: is this for the day of the accident or for the full week after[?]"[7] Myers agreed with the trial court's plan to refer the jury to its instructions.

Next, the jury asked, "[F]or instruction No. 6 (1) That on or about the 12th of August, 2012. Can you define 'about'?"[8] This time, Myers requested that the court instruct the jury that "on or about the 12th of August, 2012, refers to the date of the incident in question."[9] The court pointed out that the specific question was to define "about," and expressed concern that, because there was no definition of "about," any further explanation from the court could be seen as a comment on the evidence.[10] The trial court referred the jury to its instructions again.

The jury convicted Myers. Myers moved for a new trial on the basis of the trial court's answers to the jury's questions. The trial court denied his motion. Myers appeals.

---

[6] CP at 144.
[7] CP at 152.
[8] CP at 153.
[9] RP (Feb. 18, 2015) at 69.
[10] RP (Feb. 18, 2015) at 68:21-69:2; 69:21-22.

## ANALYSIS

### To-Convict Instruction

Myers challenges the adequacy of the trial court's to-convict instruction. He argues that, by stating that the crime occurred "on or about" the date of the accident, the instruction allowed the jury to convict him of hit and run injury accident even if it believed that he did not know about the accident until after he left the scene. Before we reach the merits of this issue, we must determine if Myers may raise it.

### Issue Preservation

The State argues that Myers did not preserve this objection for review. Because Myers did not object specifically to the to-convict instruction before the trial court instructed the jury, we agree.

To object to a jury instruction, a party must specify "the number, paragraph, and particular part of the instruction" to which it is objecting and state its reasons for doing so. CrR 6.15(c). The objections "must be put in the record to preserve review." State v. Sublett, 176 Wn.2d 58, 75-76, 292 P.3d 715 (2012). This procedure is necessary to "'apprise the trial judge of the nature and substance of the objection.'" Walker v. State, 121 Wn.2d 214, 217, 848 P.2d 721 (1993) (quoting Crossen v. Skagit Cty., 100 Wn.2d 355, 358, 669 P.2d 1244 (1983)). The purpose of the exception is to inform the trial court "of the alleged error" and afford "it the opportunity to rectify any possible mistakes without the necessity and expense of an appeal." State v. Gosby, 85 Wn.2d 758, 763, 539 P.2d 680 (1975).

Here, Myers objected to all of the State's proposed instructions, generally.

He did not object to any specific instruction or state any reason for his general objection. This general objection did not apprise the trial court of any problems with the to-convict instruction. It was not sufficient to preserve the issue for review.

Myers argues that his response to the second jury's question was sufficient to inform the trial court of the nature of his objection. He relies on State v. Gosby, which held that an exception is sufficient if it "is taken in such a fashion that the purpose of the rule requiring specificity is satisfied." 85 Wn.2d at 763. Myers asserts that his objection was sufficient because the trial court could have rectified the alleged error during deliberations. But Gosby is distinguishable. There, the defendant objected to the instruction *before* the court gave it. 85 Wn.2d at 763.

Here, the jury's question came after the trial court had given the to-convict instruction. Myers cites no authority for the position that his objection to the court's response to a jury's question is sufficient to preserve for review alleged errors in the original instructions.

### RAP 2.5(a)(3)

Myers argues that, even if he did not preserve the issue, he may still raise it as a manifest error affecting a constitutional right. Specifically, Myers argues that the to-convict instruction deprived him of his right to present a defense. We disagree.

A party may raise a "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3). To raise an issue under RAP 2.5(a)(3), the party must show that "the error is truly of a constitutional magnitude" and that it is manifest. State v. Kalebaugh, 183 Wn.2d 578, 583, 355 P.3d 253 (2015). To

determine if an error is of constitutional magnitude, this court previews the argument's merits. State v. Reeder, 181 Wn. App. 897, 912, 330 P.3d 786, review granted in part, 337 P.3d 325 (2014), aff'd, 184 Wn.2d 805, 365 P.3d 1243 (2015).

*Right to Present a Defense*

Myers' primary defense was that, as a result of injuries sustained in the accident, he did not know he had been in an accident when he left the scene. He contends that the "on or about" language misstated the law and misled the jury into rejecting this valid defense. Because we do not believe the instruction was misleading or a misstatement of the law, we reject Myers' argument.

Alibi defense cases show that a misleading jury instruction can interfere with a defendant's right to present a defense. See, e.g., State v. Morden, 87 Wash. 465, 474, 151 P. 832 (1915) (holding that an erroneous instruction "withdrew from the jury the appellant's chief defense"); State v. Brown, 35 Wn.2d 379, 381-83, 213 P.2d 305 (1949) (reversing conviction in case where "on or about" instruction, combined with State's comments on that instruction, "in effect destroyed appellant's defense of an alibi"); State v. Danley, 9 Wn. App. 354, 356, 513 P.2d 96 (1973) (holding that the use of "on or about" instruction can be erroneous and prejudicial in an alibi case). Accordingly, if the to-convict instruction was misleading or misstated the law in a way that interfered with Myers' right to present a defense, it would be a constitutional error. But first we must determine whether the instruction is misleading.

"Jury instructions are sufficient if they permit the parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the

6

applicable law." City of Seattle v. Pearson, 192 Wn. App. 802, 821, 369 P.3d 194 (2016). "An instruction is not misleading if it is readily understood by the ordinary mind." State v. Noel, 51 Wn. App. 436, 439-40, 753 P.2d 1017 (1988). Similarly, it is not misleading simply because it is *possible* to interpret it an erroneous way. State v. Moultrie, 143 Wn. App. 387, 393-94, 177 P.3d 776 (2008). Rather, the question is "'whether the ordinary juror would'" interpret the instruction erroneously. Moultrie, 143 Wn. App. at 393-94 (quoting Noel, 51 Wn. App. at 440). We review constitutional challenges to jury instructions de novo. State v. Johnson, 180 Wn.2d 295, 300, 325 P.3d 135 (2014).

Here, Myers asserts that he would be guilty only if knew that he had been in an accident when he left the scene of the crime. Thus, if he learned of the accident *after* he left the scene, he would not be guilty.[11] According to Myers, the instruction is misleading on this point.

He argues the jury would have read the "on or about" language in the to-convict instruction as requiring it to convict Myers if it believed that Myers was in an accident on the 12th of August but gained knowledge of that accident on *about* the 12th of August. We do not agree with Myers that ordinary jurors would interpret the instruction the way he suggests.

The instruction opens with a time frame for the events that follow. The most logical reading of the to-convict instruction is that it describes a sequence of events. The incident begins with Myers driving. He is in an accident. Knowing he has been in an accident, he immediately fails to take certain actions related to

---

[11] The State does not dispute either of these points.

that accident. It does not make sense to interpret the events as spanning more than one day or as happening out of order. Either all the events took place on August 12th or they all took place on another day that is near August 12th.

The requirement that the defendant "knew that he had been involved in an accident" appears in between the requirements that he was in an accident and that he failed to satisfy several obligations to act *immediately*.[12] It is unreasonable to interpret the instruction to require conviction if Myers was in the accident on the 12th but learned of the accident on a later day. The jury instruction was not misleading.

Myers' reliance on alibi cases is misplaced. Ordinarily the State has to prove that a crime occurred during a certain charging period, but does not have to prove that it occurred on a specific day. State v. Severns, 13 Wn.2d 542, 560-61, 125 P.2d 659 (1942). But, when "the complaining witness has fixed the exact time when the act charged was committed, and the defense is an alibi," the State must prove that the event happened on the exact date, and the court should instruct the jury accordingly. Severns, 13 Wn.2d at 560-61. The "on or about" instruction can be misleading about whether the State has to show that the event took place on a specific day.

In State v. Brown, for example, the State's evidence fixed a particular date that the crime must have occurred, if it occurred at all. 35 Wn.2d at 381. The defendant offered an alibi for that day. 35 Wn.2d at 381. But the to-convict instruction used the "on or about" language. 35 Wn.2d at 382. The prosecutor, "in

---

[12] CP at 144.

an apparent attempt to escape the force of [the defendant's] alibi" read that section of the instruction to the jury, reminding them that they were "'bound to follow'" the court's instructions. 35 Wn.2d at 382. The Supreme Court held that the instruction could have misled the jury into rejecting the defendant's alibi defense. 35 Wn.2d at 383.

To improperly reject an alibi defense, the jury would have to interpret the "on or about" language the same way that we described above. The jury could have believed that the crime was committed on a different day. When an alibi is the defense, the possibility of the crime occurring on a different day is misleading. But, here, it is not misleading. Myers did not offer an alibi for the day of the accident. Myers' defense centers on what happened on the day of the accident, not what day the accident occurred. Nothing in the alibi cases suggests that the jury would read the "on or about" language in the to-convict instruction the way Myers does. These cases do not support Myers' argument.

Myers also relies on the jury's questions as evidence that the to-convict instruction was misleading. The jury's questions indicate the jury's collective thought process and therefore inhere in the verdict. State v. Ng, 110 Wn.2d 32, 43, 750 P.2d 632 (1988). They cannot be used to attack the verdict. 110 Wn.2d at 43.

In short, the "on or about" language in the to-convict instruction was not misleading and does not implicate Myers' constitutional right to present a defense.

*Elements*

In his opening brief, Myers refers to the "on or about" instruction as a

misstatement of the law and as a defect in the "knowledge element."[13]  For the reasons explained above, the instruction was not misleading or a misstatement of the law.  Moreover, the instruction included all the necessary elements of the offense.

We review the adequacy of a to-convict instruction de novo.  State v. Mills, 154 Wn.2d 1, 7, 109 P.3d 415 (2005).  Although we generally review jury instructions as a whole, the to-convict instruction must contain all the elements of the charged crime.  154 Wn.2d at 7.  We will not look to other instructions to supply missing elements.  154 Wn.2d at 7.

Here, there were no missing elements in the to-convict instruction. The elements of a hit and run injury accident are

> (1) an accident resulting in death or injury to a person; (2) "failure of the driver of the vehicle involved in the accident to stop his vehicle and return to the scene in order to provide his name, address, vehicle license number and driver's license and to render reasonable assistance to any person injured in such accident"; and (3) the driver's knowledge of the accident.

State v. Sutherland, 104 Wn. App. 122, 130, 15 P.3d 1051 (2001) (quoting State v. Bourne, 90 Wn. App. 963, 969, 954 P.2d 366 (1998)).  The to-convict instruction included all these elements.

Myers has not shown that the to-convict instruction suffered from any constitutional defects.

Myers also assigned error to the trial court's failure to correct the jury's alleged misunderstanding of the to-convict instructions.  He makes no specific

---

[13] Br. of Appellant at 7-10.

arguments relevant to that assignment of error.[14]  He has waived this assignment of error.  Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

## Appellate Costs

Myers requests that we not award appellate costs on appeal, even if the State substantially prevails.  Myers presents evidence that he is indigent.  Under State v. Sinclair, we exercise our discretion to not award costs for this appeal.  192 Wn. App. 380, 393, 367 P.3d 612, review denied, No. 92796-1, 2016 WL 3909799 (Wash. June 29, 2016).

We affirm Myers' judgment and sentence.

Trickey, A.C.J.

WE CONCUR:

_____

Becker, J.

---

[14] Instead, he uses the jury's questions as evidence that the original instruction was erroneous and that the error was prejudicial.