[No. 16175.   Department One.   April 22, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. CHESTER GIBSON *et al., Appellants.*[1]

CRIMINAL LAW (137)—EVIDENCE — HEARSAY — DECLARATIONS BY THIRD PARTIES. In a prosecution for criminal syndicalism because of activity in connection with the I. W. W. organization, testimony of witnesses as to what alleged members of the organization, who were not on trial, had told them of the objects and purposes of that organization, was objectionable as hearsay evidence.

SAME (137). In a prosecution of members of the I. W. W. for certain acts, the admissions or declarations of other members, who were in no way connected with the case on trial, were not admissible on the theory of conspiracy cases.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered June 14, 1920, upon conviction of criminal syndicalism. Reversed.

*George F. Vanderveer, Ralph S. Pierce,* and *Alexander Mackel,* for appellants.

*O. R. Schumann* and *J. Lenox Ward,* for respondent.

BRIDGES J.—The information in this case charged that the appellants, on or about December 15, 1919, in Yakima county, state of Washington,

"Did then and there unlawfully and feloniously organize, help to organize, give aid to and be a member of and voluntarily assemble with a group of persons known as the Industrial Workers of the World, said group of persons being formed to advocate, advise and teach crime, sedition, violence, intimidation and injury as a means and way of effecting industrial, economic, social and political change in the government of the United States of America, contrary to the statute in such cases made and provided."

They were convicted and have appealed.

[1]Reported in 197 Pac. 611.

The state, having offered proof to show that the appellants were members of the I. W. W., undertook to show that the objects and purposes of that organization were within the criminal syndicalism act, Laws of 1919, p. 519, ch. 174. It made this proof in part through its witnesses C. Roy King and Thomas Fisher. The former testified that he was a justice of the peace of Yakima county and, sometime prior to the arrest of the appellants, he had a private conversation with one J. Hannon, wherein the latter informed him that he was a member of the I. W. W. and produced a card of membership. The witness further stated that Hannon had informed him that he knew the purpose and objects of the I. W. W. He was then asked to state what Hannon had told him in this regard. Over appellants' objections the witness was allowed to detail what Hannon had told him concerning the teachings, purposes and objects of the organization. The witness Fisher testified that he had talked personally to many members of the I. W. W., among others, the Roi sisters, who informed him that they were members of the I. W. W. and had knowledge of the objects and purposes of that organization. Over appellants' objections, the court permitted this witness to testify what the Roi sisters had told him concerning the purposes of that organization. Neither Hannon nor the Roi sisters were parties to this action, nor in any wise connected with it.

This was hearsay testimony and, in our opinion, the trial court erred in receiving it. Some of the reasons why hearsay evidence is not ordinarily admissible are, that the person quoted is not before the court and not subject to cross-examination, a right which all courts have held to be inviolate except in certain instances arising largely because of the necessities of the situa-

tion; that the person quoted was not under oath; and the probability that the person testifying has misunderstood, misinterpreted or colored what had been told him. In other words, hearsay evidence is ordinarily refused by the courts because of the manifest inherent dangers in connection with it. There are certain exceptions to this general rule, such as dying declarations, *res gestae,* proof of ancient boundaries and documents and others. But this testimony does not come within any of the exceptions recognized by the authorities. The dangers surrounding the admission of hearsay evidence are very apparent in this instance. It is true the witnesses testified that the persons whom they quoted told them that they were members of the I. W. W. and in position to know the objects and purposes of that organization; but those were very important facts to the appellants. It may have been that the persons quoted were not members of that organization, or had obtained their membership cards through some species of fraud, or were not acquainted with the principles taught by it. The appellants should have the right to search out these matters by means of cross-examination.

Again, it is not improbable that the witnesses had misunderstood or misinterpreted what the person quoted had said to them. There was no compelling necessity in this case to show by hearsay testimony the principles and doctrines taught and advocated by the I. W. W. There were other ways of proving these things. Indeed, the state introduced in evidence for this purpose a large amount of literature showing the doctrines of the organization and which literature the state contended was vouched for by the I. W. W. as an organization. Doubtless there were still other lawful ways of undertaking to furnish this necessary

proof. It is probable that the persons quoted, to wit, Hannon and the Roi sisters, had they been personally called by the state, would have been permitted to testify upon a proper showing of knowledge, but it will not do to have them testify through someone else. The respondent cites in support of the admission of this testimony the rule with reference to the receiving of testimony in conspiracy cases, but that rule is wholly inapplicable here. This testimony was not offered or received for the purpose of proving any conspiracy, nor were the persons who were quoted in any wise connected with this case, either directly or indirectly.

A great number of assignments of error have been made; many of them are answered by the late cases of *State v. Lowery,* 104 Wash. 520, 177 Pac. 355 and *State v. Hennessy,* 114 Wash. 351, 195 Pac. 211. The alleged errors which are not covered by those cases are not likely to arise on a re-trial and we do not feel it necessary to discuss them. For the error which we have pointed out, the judgment is reversed and the case remanded for new trial.

PARKER, C. J., MACKINTOSH, and HOLCOMB, JJ., concur.