[No. 16324. Department One. August 22, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. ALFRED PETTILLA *et al., Appellants.*[1]

CRIMINAL LAW (137) — EVIDENCE — HEARSAY — DECLARATIONS BY THIRD PERSONS. In a prosecution for criminal syndicalism, it is prejudicial error to admit hearsay testimony by witnesses who had talked with various persons, at different times and places, who, the witnesses believed, were members of the I. W. W., or assumed by the witnesses to be members, and that in those conversations such persons had revealed the purposes and objects of the I. W. W. organization.

INSURRECTION—CRIMINAL SYNDICALISM—EVIDENCE—ADMISSIBILITY. In a prosecution for criminal syndicalism, witnesses may testify as to statements, speeches, and declarations made by members of the I. W. W. organization, or in their presence, at recognized meetings or assemblages of the organization in their various headquarters, or in such places and on such occasion as are proven to have received the sanction of the organization; and may also testify as to conversations, in which are revealed the principles, teachings, objects and purposes of the organization, with members whose membership is shown by competent testimony and proven to be of such a character as to show it carried the authority of the organization to make the declarations as to its' purposes, objects, principles, and teachings.

JURY (59-1)—PEREMPTORY CHALLENGES—JOINDER—CODEFENDANTS. Under the statute granting defendants six peremptory challenges in criminal cases, where there are several defendants, all must join in the challenges, the statute not contemplating that each defendant shall have a right to the full number of peremptory challenges.

[1]Reported in 200 Pac. 332.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered March 3, 1920, upon a trial and conviction of criminal syndicalism. Reversed.

*George F. Vanderveer, Ralph S. Pierce,* and *Leslie B. Sulgrove,* for appellants.

*William D. Askren* and *Earl V. Clifford,* for respondent.

MACKINTOSH, J.—The defendants were convicted of the crime of criminal syndicalism and have made many assignments of error, a renewed discussion of a majority of which is unnecessary, as they have been disposed of adversely to defendants' position in many recent cases involving the same section of the criminal law.

Among these assignments, however, are several which refer to the admission of testimony of several witnesses who were allowed to say upon the stand that they had talked with various persons, at different times and places, who, the witnesses believed, were members of the I. W. W., by reason of the possession by some of them of membership cards, by statements made by others that they were members, and by the assumption of the witnesses that they were such members, and that, in those conversations, those persons had revealed the purposes and objects of the I. W. W. organization. These witnesses also testified as to speeches and remarks made at meetings of I. W. W.'s and various I. W. W. assemblages. Under the decision of this court, in *State v. Gibson,* 115 Wash. 512, 197 Pac. 611, the testimony of these witnesses as to statements made to them by persons who they had reason to believe were I. W. W.'s as to the objects and purposes of the organization, was inadmissible and

constituted prejudicial error which entitles the appellants to a new trial.

The rule is: That the ban of hearsay testimony must be placed upon the use of witnesses whose testimony is a recital of what they have been told by persons who they have reason to believe are I. W. W's, either by the discovery upon them of membership cards, or by their declarations of membership, or other facts which lead the witnesses to the belief of the membership in the organization of the persons with whom they have held the conversations touching the purposes and objects, the principles and teachings of the organization; but that witnesses may testify as to statements and speeches and declarations made by members of the organization, or in their presence, at recognized meetings of the organization or assemblages of the organization in their various headquarters or halls, or in such places and on such occasions as are proven to have received the sanction and countenance of the organization, and that the witnesses may also testify as to conversations in which are revealed the principles and teachings, the purposes and objects of the organization, with members of the organization whose membership is shown by competent testimony, and whose membership is proven to be of such a character as to show it carried with it the authority of the organization to make such declarations as to its purposes, objects, principles and teachings.

A point is made of the court's denial to each of the defendants of the right to six peremptory challenges. The courts of a few of the states of the Union have held that, where several defendants are tried at once, each of them has a right to the full number of peremptory challenges. The overwhelming weight of authority, however, under statutes which are similar to ours, re-

quires codefendants to join in the peremptory challenges, and we are satisfied that this is the correct and better rule.

It is also alleged that several of the defendants were not properly identified. From an examination of the record and the briefs of appellants upon this point, we cannot say, as to any special defendant, that there was not some evidence entitling the jury to pass upon his guilt. In view of the disposition we are making of the case, we have not felt it necessary to take up each individual appellant and refer to the testimony which tended to establish his membership in the organization.

For error in the admission of hearsay testimony, as previously indicated in this opinion, the conviction is set aside and appellants are granted a new trial.

PARKER, C. J., BRIDGES, FULLERTON, and HOLCOMB, JJ., concur.