[No. 16811.   Department One.   April 27, 1922.]

The State of Washington, *Respondent*, v. Pat
Cantwell, *Appellant*.[1]

Criminal Law (137) — Evidence — Hearsay — Declarations of
Third Persons.  In a prosecution for criminal syndicalism, on an
issue as to the unlawful purposes of membership in the I. W. W.,
testimony as to what supposed members of the organization stated
and told the witnesses were the purposes of the organization is in-
admissible as hearsay.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered March 12, 1921,
upon a trial and conviction of criminal syndicalism.
Reversed.

*Ralph S. Pierce*, for appellant.

*Thos. A. Stiger* and *Q. A. Kaune*, for respondent.

Bridges, J.—The appellant was convicted of the
statutory crime of syndicalism, and has appealed to
this court.  He was charged, among other things, with
being connected with the Industrial Workers of the
World, an organization or group of persons formed to
advocate and teach crime, sedition, violence, intimida-
tion and injury as a means and way of effecting an in-
dustrial, economic, social and political change.  After
proving that the defendant was a member of the orga-
nization, it was then necessary that the state prove
that the purposes of this organization were those pro-
hibited by the statute.  In order to make this proof,
it brought on several witnesses who testified that they
knew what the purposes and objects of the organization
were; that they had obtained such information through
private conversations, concerning the purposes of the
organization, with a great many men, who said they

[1]Reported in 206 Pac. 362.

were members, or whose cards of membership had been displayed, and whom the witnesses believed to be members, and who told them what such objects and purposes were; also through speeches made by persons who were authorized by the organization to speak for it, and who were accredited for that purpose, and which speeches the witnesses had personally heard, such speeches usually being made in I. W. W. halls or places of assemblage. These witnesses did not pretend to show what portions of their information they had obtained through the speeches and what portion from the private conversations had with members and purported members of the organization.

In the case of *State v. Gibson,* 115 Wash. 512, 197 Pac. 611, we held that testimony of witnesses as to statements made to them by persons whom they had reason to believe were I. W. W.'s, as to the objects and purposes of the organization, were inadmissible. In the more recent case of *State v. Pettilla,* 116 Wash. 589, 200 Pac. 332, we said:

"The rule is: That the ban of hearsay testimony must be placed upon the use of witnesses whose testimony is a recital of what they have been told by persons who they have reason to believe are I. W. W.'s, either by the discovery upon them of membership cards, or by their declarations of membership, or other facts which lead the witnesses to the belief of the membership in the organization of the persons with whom they have held the conversations touching the purposes and objects, the principles and teachings of the organization; . . . . ."

The witnesses here, as in the *Gibson* case, *supra,* were testifying as to what supposed members of the organization who were not shown to have authority to speak had told them in private conversations concerning the objects and purposes of the organization. Un-

der the doctrine of the *Gibson* and *Pettilla* cases, *supra,* it was error to receive this class of testimony.

We do not find it necessary to review any of the other alleged errors. We find them either without merit or such as are not likely to occur on a new trial, or such as have already been covered by our previous decisions. For the error stated, the judgment is reversed and the cause remanded for a new trial.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.