[No. 44598.   En Banc.   March 31, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. TERRY
GLEN ALLAN, *Appellant.*

*Sperline & Sperline,* by *Lowell D. Sperline,* for appellant.

*E. R. Whitmore, Jr., Prosecuting Attorney,* for respondent.

HOROWITZ, J.—Defendant Terry Glen Allan appeals his conviction on four counts of grand larceny. Three issues are raised; the principal one involves the number of peremptory challenges allowed under CrR 6.4(e)(1) to each defendant in a criminal case when two or more defendants are tried together.

Defendant and codefendant McVay lived with one Albright in his Wenatchee apartment for 3 or 4 weeks preceding September 1, 1975. After hearing defendant mention that his wedding would be postponed due to lack of funds, Albright volunteered to pay for the wedding and a trip afterward. Ostensibly to carry out his offer, Albright wrote 21 checks to defendant and to codefendant McVay on August 29 and 30. Allan was payee on nine checks totaling $1,475.19 which he cashed to buy wedding supplies. Pursuant to Albright's request he returned the remaining cash proceeds to Albright for the trip.

After an August 30 wedding, defendant, his bride, Albright, and McVay put all their belongings in a rented truck and headed south in a 3–vehicle caravan either August 31 or September 1. They stopped in Palo Alto, California, where Albright disappeared after an argument with defendant and McVay. During the argument Albright

informed them the checks they had cashed were worthless because he had no money to cover them. Defendant, his wife, and McVay abandoned the rented truck in a school parking lot and returned to Wenatchee in Albright's car.

Three weeks after returning to Wenatchee, defendant and McVay were arrested and charged by information with grand larceny (RCW 9.54.010(2), RCW 9.54.090(6)). They were tried together, found guilty, and defendant now appeals.

■ ■ Defendant assigns error to the court's failure to dismiss the charges following the state's case on the ground of insufficiency of evidence. This assignment of error is not reviewable: (1) because the state's evidence is not in the record on appeal although the partial statement of facts contains everything defendant requested and (2) defendant waived his challenge to the sufficiency of the state's case by putting on evidence in his own behalf after the court denied his motion to dismiss. *Goodman v. Bethel School Dist. 403,* 84 Wn.2d 120, 524 P.2d 918 (1974); *State v. Mudge,* 69 Wn.2d 861, 862, 420 P.2d 863 (1966); *State v. Thach,* 5 Wn. App. 194, 200, 486 P.2d 1146 (1971).

■ Defendant also contends the trial court erred in sustaining an objection to the following question, asked of defendant's mother during direct examination by defendant's attorney:

Mrs. Allan, if someone gave Terry a check and said I'm going to finance your wedding. . . . do you have an opinion as to what Terry's reaction would be to instructions to go cash the check?

The trial court sustained the objection, explaining, "[y]ou're asking what a person thinks in his head, and another person doesn't know." There is support for the court's ruling. *Kimball Elevator Co. v. Elevator Supplies Co.,* 2 Utah 2d 289, 272 P.2d 583 (1954); *Battle Pharmaceuticals v. British Drug Houses, Ltd.,* [1946] 1 D.L.R. 289 (1945). *See generally* 7 J. Wigmore, *Evidence in Trials at Common Law* § 1963 (3d ed. 1940). In any case, the claimed error is not reviewable because defense counsel made no

offer of proof to show what he intended to prove. *State v. Ingle,* 64 Wn.2d 491, 392 P.2d 442 (1964); *State v. Danley,* 9 Wn. App. 354, 513 P.2d 96 (1973).

Assuming the question was proper, we still have no way of knowing what her answer would have been in the absence of an offer of proof. The question was so general in its reference to "someone," the witness may have been unable to give any answer helpful to defendant without a more specific statement of the circumstances and people involved.

We turn to the principal issue involving the interpretation of CrR 6.4(e)(1) dealing with peremptory challenges. Unfortunately the partial statement of facts does not contain the trial court's ruling or rulings concerning peremptory challenges. Counsel in oral argument explained the issue arose in chambers and there was no stenographic record made of the rulings now appealed. No attempt was made to include a summary of these proceedings in the appeal record certified by the trial court. *See Grobe v. Valley Garbage Serv., Inc.,* 87 Wn.2d 217, 551 P.2d 748 (1976). Under RAP 9.10 effective July 1, 1976, defendant or the court sua sponte could cause the record to be supplemented. However, the new Rules of Appellate Procedure (RAP) do not apply because this case was pending before this court on July 1, 1976. RAP 18.22(a). We recognize that RAP 9.10 sets at rest any doubts there might have been as to this court's inherent power to cause the record to be supplemented. Prior thereto a case such as *Livermore v. Northwest Airlines, Inc.,* 6 Wn.2d 1, 106 P.2d 578 (1940) at least arguably assumes the existence of an inherent power in this court to order supplementation of the appeal record.

We have concluded that rather than order a supplementation of the record, in the interest of judicial economy— there being no dispute between the parties on the matter of the court's ruling—we may dispose of the peremptory challenge issue now as if the trial court ruled below that under CrR 6.4(e)(1) the defendant was entitled to exercise only

six peremptory challenges jointly with his codefendant plus one additional peremptory challenge on his own.

■ Defendant contends that under CrR 6.4(e)(1) he should have been allowed six peremptory challenges.

CrR 6.4(e)(1) reads as follows:

**(e) Peremptory Challenges.**
(1) *Peremptory Challenges Defined.* A peremptory challenge is an objection to a juror for which there is no reason given, but upon which the court shall exclude him. In prosecutions for capital offenses the defense and the state may challenge peremptorily twelve jurors each; in prosecution for offenses punishable by imprisonment in a penitentiary six jurors each; in all other prosecutions, three jurors each. When several defendants are on trial together, each defendant shall be entitled to one challenge in addition to the number of challenges provided above, with discretion in the trial judge to afford the prosecution such additional challenges as circumstances warrant.

The prior history of peremptory challenge rules in this state supports the trial court's interpretation. Prior to 1969, RCW 10.49.060 provided that when several defendants are tried together, "they must join in their challenges." Laws of 1923, ch. 25, § 1, p. 52. This statute was amended in 1969 to provide that when tried together, "each defendant shall be entitled to the number of challenges provided above [for individual defendants]." Laws of 1969, 1st Ex. Sess., ch. 41, § 1, p. 621. In 1971 the Criminal Rules Task Force of the Washington Judicial Council adopted the approach of the 1969 amendment in its proposed rule 6.5(f)(1). The Task Force comments explain that "multiple defendants would no longer have to join in their challenges, as was the case in the statute prior to a legislative change in 1969." *Proposed Rules of Criminal Procedure* 102 (1971).

The current CrR 6.4(e)(1) was adopted, however, instead of proposed rule 6.5(f)(1). It appears to represent a compromise between the joinder and the individual approach so that while defendants tried together (the defense) must

exercise their peremptory challenges jointly, each individual defendant has one additional challenge.

The language of the rule supports this interpretation. In providing the "defense" is entitled to between 3 and 12 peremptory challenges, this word "defense" may be reasonably construed to mean all defendants acting jointly rather than each defendant individually. This is emphasized by the fact that when the rule entailed individual challenges, it specifically referred to "each defendant" in providing for the one additional challenge.

Appellant does not contend the joinder requirements violate his constitutional rights. He could scarcely do so at this late date. Requiring several defendants to join in peremptory challenges is a constitutionally valid procedure and the joinder requirement does not violate the requirement of equal protection. *Stilson v. United States,* 250 U.S. 583, 63 L. Ed. 1154, 40 S. Ct. 28 (1919); *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963), *appeal dismissed,* 376 U.S. 187, 11 L. Ed. 2d 603, 84 S. Ct. 638 (1964); *State v. Pettilla,* 116 Wash. 589, 200 P. 332 (1921); *Sitarski v. New York,* 358 F. Supp. 817 (W.D.N.Y. 1973); *People v. King,* 240 Cal. App. 2d 389, 49 Cal. Rptr. 562, 21 A.L.R.3d 706 (1966), *cert. denied,* 385 U.S. 923, 17 L. Ed. 2d 146, 87 S. Ct. 236 (1966); *Martin v. State,* 262 Ind. 232, 247, 317 N.E.2d 430 (1974); *Doyle v. State,* 82 Nev. 242, 415 P.2d 323 (1966); *State v. Rivenburgh,* 11 Utah 2d 95, 355 P.2d 689 (1960), *cert. denied,* 368 U.S. 922, 7 L. Ed. 2d 137, 82 S. Ct. 246 (1961).

In formulating and promulgating CrR 6.4(e)(1) this court had a right to take into account the practical difficulties that could arise if each of several defendants received a full complement of peremptory challenges. As stated in *State v. Persinger, supra* at 369-70:

> To allow each codefendant the full number of peremptory challenges would frequently cause undue delay and needless burden upon the public. . . .
>   . . .

. . . [I]t would not only be inconvenient, but difficult to obtain juries. In fact, it would require the presence of an impractical number of jurors.

There being no constitutional impediment to overcoming these difficulties, we uphold the trial court's interpretation of CrR 6.4(e)(1) as reasonably permissible.

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.