[No. 11237-6-I.   Division One.   May 16, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. EVAN K. KERRY, *Appellant.*

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Barbara Corey–Boulet, Deputy,* for respondent.

SWANSON, J.—Evan K. Kerry was convicted in Issaquah District Court for creating a public nuisance. Concluding there was insufficient evidence to support the conviction, we reverse.

At about 5 p.m. on August 8, 1981, Kerry was with some friends at Lake Sammamish State Park. He sat at a picnic table near his truck. The truck's doors were open and a tape player inside the truck played music. Many other persons were in the park, some playing music.

Park Rangers Rockett and Sutherland drove into the area and heard music from Kerry's truck. Rockett cited Kerry, without warning, for creating a public nuisance in violation of RCW 9.66.010. RCW 9.66.010 provides in relevant part:

A public nuisance is a crime against the order and economy of the state. . . .

. . .

Every act unlawfully done and every omission to per-

form a duty, which act or omission
(1) Shall annoy, injure or endanger the safety, health, comfort, or repose of any considerable number of persons; . . .

. . .
Shall be a public nuisance.

Rockett testified he had warned Kerry the previous summer about the volume of his music. Rockett further testified that park rules required car stereos to be played at low volume and that the rules were usually handed out to each car entering the park. Rockett and Sutherland stated that they had found Kerry's music annoying, but had not received any complaints about his music. Sutherland also testified that there was a general roar of music in the area, but the other sources were at lower volumes.

Kerry testified he had been previously warned in 1980 by Rockett about the volume of his music. On that occasion he claimed the volume was all the way up and the speakers were outside the truck, whereas on August 8, 1981, the volume was halfway up and the speakers were inside the truck. He testified no one else complained about the music and that he could hear others' music. Two of Kerry's companions testified that they were not annoyed by the music and that they heard music from other sources.

The district court found Kerry guilty and the Superior Court affirmed. This court accepted discretionary review.

The basic issue is whether there was sufficient evidence presented to find Kerry guilty. On appeal below the Superior Court did not consider Kerry's challenge to the sufficiency of the evidence on the record made in district court, stating that he had "waived his challenge to the sufficiency of the evidence on the record as a whole by putting on evidence."

■ The Superior Court erred by not considering the sufficiency of the evidence issue. The Superior Court relied on *State v. Allan,* 88 Wn.2d 394, 562 P.2d 632 (1977) for the rule that a defendant who moves for a directed verdict based on the State's failure to present a prima facie case

and then presents his own evidence cannot on appeal challenge the sufficiency of the State's evidence. But the State and Kerry both recognize on appeal to this court that a defendant can always seek appellate review of the sufficiency of the evidence as a whole to support a criminal conviction. *See State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980); *State v. Delmarter*, 94 Wn.2d 634, 618 P.2d 99 (1980). Consequently, the Superior Court erred by not considering the issue of whether there was sufficient evidence.

■ To determine whether the evidence was sufficient,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*"

*Green,* at 221 (quoting *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)). The question here, then, is whether based on the evidence presented any rational trier of fact could have found Kerry's act was "unlawfully done" and that it "annoyed" "any considerable number" of persons.

■ We are convinced that the evidence presented here was insufficient to prove the essential elements of the crime. First, there was no proof that Kerry's music playing was "unlawfully done." While governmental agency regulations have the force of law, *e.g., United States v. Howard,* 352 U.S. 212, 1 L. Ed. 2d 261, 77 S. Ct. 303 (1957), for such regulations to be valid, they must be promulgated according to statute. *See State v. Board of Valuation,* 72 Wn.2d 66, 431 P.2d 715 (1967). The record contains no evidence that the park rule[1] at issue was properly adopted and published in accordance with the administrative procedure act, RCW 34.04. Our research does not reveal that the Parks and Recreation Commission or any other agency properly

---

[1]The park rule states: "All audio equipment is restricted to low volume at your own picnic site. Use of automotive music speakers is restricted to the interior of automobiles, also at low volumes."

promulgated the rule.[2] The park rule, therefore, does not have the force of law. Even though Kerry's conduct may have violated the park rule, there was no evidence presented to show that it was unlawful. No rational trier of fact could have found that Kerry's conduct was unlawfully done.

Furthermore, there was not sufficient evidence to show that the music annoyed a considerable number of persons. The evidence showed that only the two park rangers were annoyed. As stated in *State ex rel. Warner v. Hayes Inv. Corp.,* 13 Wn.2d 306, 125 P.2d 262 (1942) at page 312, regarding a complaint by two witnesses that persons were drinking whiskey at a beach:

> This may have annoyed the two witnesses and have been an unpleasant experience for them, but, if it was a nuisance, it was . . . only a nuisance to one or two who saw it and was not a public nuisance.

We believe that, at least in this context, to establish that a considerable number of persons were annoyed for the purpose of proving an accused created a public nuisance, the State must show more than merely that two law enforcement officers were annoyed. We conclude that there was insufficient evidence presented to support the conviction.

Because of our determination based on the sufficiency of the evidence issue, we need not address Kerry's constitutional challenge.

The judgment is reversed.

RINGOLD and SCHOLFIELD, JJ., concur.

---

[2]We note that the Department of Ecology has regulated noise pollution under WAC 173–60. Those regulations, however, set specific maximum noise limits and require the proper equipment and method for measurement.