[No. 15928.  Department Two.  March 10, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK HESTINGS *et al.*, *Appellants*.[1]

CRIMINAL LAW (175)—EVIDENCE—SUFFICIENCY TO SUPPORT CONVICTION.  Upon a charge of criminal syndicalism, the evidence that, shortly before the accused's arrest, he destroyed his membership card in the I. W. W. does not require the jury to find him not guilty.

SAME (182)—EVIDENCE—SUFFICIENCY—PLACE OF OFFENSE.  Upon a charge of criminal syndicalism, the place of the commission of the offense is sufficiently shown to have been within the county, where his residence therein was shown, and he was only temporarily at the logging camp outside the county when he was arrested.

SAME (140)—EVIDENCE—FURTHERANCE OF COMMON PURPOSE.  Literature of the I. W. W. is admissible in a prosecution of a member for criminal syndicalism without otherwise connecting defendant therewith.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered January 22, 1920, upon conviction of criminal syndicalism.  Affirmed.

*George F. Vanderveer* and *Ralph S. Pierce*, for appellants.

*Thos. L. O'Leary* and *The Attorney General*, for respondent.

MITCHELL, J.—The defendants were charged, tried by a jury and convicted of criminal syndicalism, and have prosecuted an appeal.  The case is similar, in all of its essential particulars, to the case of *State v. Hennessy*, 114 Wash. 351, 195 Pac. 211.  With a few minor exceptions, all the questions presented here are like those considered and disposed of in that case.

As to the appellant Hestings, it is claimed his conviction was not warranted because of the statement made by him, about the time of his arrest to several

[1]Reported in 196 Pac. 13.

who testified at the trial that, shortly before his arrest, he had destroyed his membership card in the I. W. W. That statement, made by him, would in no sense preclude the jury from finding, as it did, upon all of the evidence, that he was a member of the organization at the time covered by the information.

As to the appellant Matson, it is argued, in effect, that, if he committed the offense with which he was charged, it does not appear to have been committed in the county where the trial was had. The contention rests upon the uncertainty from the evidence as to whether a logging camp at which he was at work at the time of his arrest is situated in Thurston or Grays Harbor county. But the place at which he was arrested is not controlling in the face of ample testimony to show that his residence or home was at Rochester, in Thurston county, from which he went only temporarily to the logging camp as his work required him there.

There was considerable controversy over the admission of testimony including a large quantity of literature attributed to the I. W. W., all of which, it was finally admitted by trial counsel for the appellants, was the literature of the organization; it being contended, however, by appellants that it was not sufficiently shown that they were connected with the literature. An examination of the record in this respect, together with that relating to other testimony touching the doctrines and teachings of the order, and the rejection of certain testimony offered by the appellants, shows it is essentially the same kind as that admitted or rejected in the *Hennessy* case, discussed in the briefs therein and determined in favor of the state.

It appearing that the trial was a fair one, the judgment is affirmed.

PARKER, C. J., MOUNT, MAIN, and TOLMAN, JJ., concur.