[No. 16308. Department Two. March 31, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. JOE HEMHELTER *et al.*, *Appellants*.[1]

INDICTMENT AND INFORMATION (67)—SUFFICIENCY—SURPLUSAGE. Under the criminal syndicalism act (Laws 1919, p. 518), making it a crime to be a member of a prohibited organization, an information charging that the defendants, in Grays Harbor county, on a day specified, "did become and be members of a group of persons formed" to do specified things prohibited by law, is sufficient, though some things charged may be surplusage.

CRIMINAL LAW (180)—EVIDENCE—SUFFICIENCY. In a prosecution for criminal syndicalism, there was sufficient evidence of membership in the I. W. W. organization to go to the jury, where one defendant stated his membership card had been lost or destroyed and that he had gone to an express office for packages of I. W. W. literature, and the other defendant admitted membership after his arrest, and there was evidence of his having distributed the literature.

SAME (140)—EVIDENCE—EXECUTION OF COMMON PURPOSE—CRIMINAL SYNDICALISM—I. W. W. LITERATURE. In a prosecution for criminal syndicalism, against persons charged as members of the I. W. W. organization, the admission in evidence of a quantity of literature attributed to such organization was not erroneous.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered April 12, 1920, upon a trial and conviction of criminal syndicalism. Affirmed.

*George F. Vanderveer* and *Ralph S. Pierce*, for appellants.

*J. E. Stewart*, for respondent.

[1]Reported in 196 Pac. 581.

MAIN, J.—The defendants in this case were charged, tried and convicted of criminal syndicalism, and prosecute an appeal to this court. With certain minor exceptions, all the questions presented upon this appeal were determined in the case of the *State v. Hennessy,* 114 Wash. 351, 195 Pac. 211. Some objection is made to the information. It is there charged that the defendants, in Grays Harbor county, on a day specified, "become and be members of a group of persons formed" to do the things prohibited by law, specifying them. Even though there may be some things charged that would be regarded as surplusage, the information is not bad for this reason. Under the statute (ch. 174, Laws of 1919, p. 518), whoever shall "be a member" of the prohibited organization is guilty of the offense there defined. The objection made to the information is not meritorious.

It is claimed that, as to the appellants Helmhelter and Scott, the proof was not sufficient to show membership. As to Helmhelter, there was evidence that, when asked what he had done with his card, he stated that, in moving around from place to place, it had been lost or destroyed. There was also evidence that he made several calls at the office of the American Railway and Express Company at Aberdeen for packages of I. W. W. literature which had come to that office. As to Scott, there is evidence that he had distributed the literature of the organization and that, after his arrest, he admitted his membership therein. As to each of the appellants, the evidence was sufficient to carry the question of membership to the jury.

Objection is also made to the ruling of the trial court in admitting in evidence a considerable quantity of literature attributed to the I. W. W. It appears that, before the case was submitted to the jury, all the

exhibits which had been introduced in evidence were inadvertently destroyed. Upon this appeal it is stipulated that there may be considered the exhibit filed with the clerk of this court in other similar cases. This evidence is substantially the same as that offered in the *Hennessy* case, *supra,* and also in the more recent case of *State v. Hestings, ante* p. 19, 196 Pac. 13.

Under the holdings in those cases, there was no error in the admission of the evidence complained of.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.