[No. 16401.  Department Two.  October 6, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. MATT
PASSILA *et al., Appellants.*[1]

CRIMINAL LAW (183)—EVIDENCE—IDENTITY OF ACCUSED.  In a
prosecution of foreign born persons for criminal syndicalism, con-
fusion as to how their last names are spelled is immaterial, where
their first names are sufficiently clear, and they were identified be-
fore the jury as the parties charged.

CRIMINAL LAW (137)—EVIDENCE — HEARSAY — DECLARATIONS BY
THIRD PERSONS.  Where testimony concerning the purposes, ob-
jects, principles, and teachings of the I. W. W. organization is lim-
ited to the acts and sayings of organizers or delegates at recog-
nized meetings or places of assemblage of the organization, upon
occasions sanctioned or directed by it, the evidence is not open to
the objection of being hearsay.

SAME (182)—EVIDENCE—SUFFICIENCY—PLACE OF COMMISSION OF
OFFENSE AND VENUE.  Prosecution for criminal syndicalism may
properly be maintained in the county of defendant's residence,
though he was arrested while temporarily at work in another
county.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered April 14, 1920, upon
a trial and conviction of criminal syndicalism.  Af-
firmed.

*George F. Vanderveer, Ralph S. Pierce,* and *F. D.
Couden,* for appellants.

*Herman Murray,* for respondent.

MITCHELL, J.—Matt Passila, Emil Gustofson, Elmer
Pulkkinen, John Hill, John Nauha, Otto Pykkenen, and
Sam Jaffe were tried jointly in the superior court of
Pacific county on an information charging them with
the crime of criminal syndicalism.  With few excep-
tions, to be further noticed herein, their many assign-
ments of error fall within the rule of, and are con-

[1]Reported in 201 Pac. 295.

trolled by, *State v. Hennessy,* 114 Wash. 351, 195 Pac. 211.

Some claim is made of mistaken identity on part of appellants Matt (Gossilla) Passilla, Elmer (Golkkinen) Pulkkinen, and John (Nauka) Nauha, and that they should have been discharged. This matter was properly considered at the time of arraignment and settled as best it could be, even with an interpreter, considering the difficult names and the foreign accent of the individuals. They were identified before the jury as the parties in mind. In passing on their separate motions to be dismissed from the case, the trial court said:

"The first names are sufficiently clear, but there may be some confusion as to how their last names are spelled. They are foreign names, but I do not think there is anything serious in this matter, or anything that is prejudicial to them."

The record altogether satisfies us their motions to dismiss were properly denied.

Very considerable complaint is made of alleged errors relating to the subject of declarations, assertions and the conduct of certain persons, as testified to by witnesses at the trial, concerning the purposes, objects, principles and teachings of the I. W. W. organization, of which all the appellants were members. The objection is that it was in the nature of hearsay, was damaging, and hence prejudicial. But the record is apparently clear that the trial judge limited the testimony to those things and sayings done and made by organizers or so-called delegates of the organization at recognized meetings or assemblage places of the organization, and on occasions which were sanctioned or directed by it. In this respect the case falls within the rule of evidence announced in the very re-

cent case of *State v. Pettilla,* 116 Wash. 589, 200 Pac. 332.

It is claimed on behalf of the appellants Pulkkinen and Hill that, as they were arrested at Siler's Camp and the evidence fails to satisfactorily show that the camp was in Pacific county, therefore the superior court of that county was without jurisdiction. There is ample evidence, however, to show that they were only temporarily at the camp and that the residence of each was, and for several years had been, at Raymond, Pacific county. The situation in this respect is similar on principle and in detail to that in the action of *State v. Hestings,* 115 Wash. 19, 196 Pac. 13, which is decisive against this assignment of error.

Affirmed.

PARKER, C. J., TOLMAN, MAIN, and BRIDGES, JJ., concur.