[No. 16612-1-III. Division Three. January 11, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY ARLAN FLETT, JR., *Appellant*.

[21]*See In re Conner.*

*Kenneth K. Watts*, for appellant.

*Steven Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

BROWN, J. — Gary A. Flett, Jr. was found guilty of four counts of first degree assault while armed with a firearm. The 17 assignments of error by Mr. Flett and 5 additional assignments of error by the State are grouped for discussion under the topics: A. Misspelled Name; B. Master Jury List; C. Evidence Sufficiency; and D. Exceptional Sentence. We decide the trial court erred solely by ordering the firearm enhancements to run concurrently under RCW 9.94A.310(3). Further, we clarify that under the circumstances presented the base sentence may not be reduced below the requirements of RCW 9.94A.120(4). We reject all other claims of error. Accordingly, we affirm but remand for resentencing.

## FACTS

In September 1995, Timothy P. Darby was driving slowly

out of a parking lot near a Spokane bar around closing time. Accompanying him were John A. Carter, David "DJ" Wilson, and Kevin Cady. They encountered Mr. Flett, who Mr. Darby recognized, near the car Mr. Flett had just parked. Mr. Flett later testified he came by because he thought he had observed some trouble at the lot between the Darby group and some of Mr. Flett's friends. As Mr. Darby slowed to stop, Mr. Flett shot into the Darby car at close range, wounding all four occupants. Mr. Flett testified that one of Mr. Darby's passengers pointed a gun at him. Mr. Flett said he instinctively raised his own gun and fired in self-defense, accidentally hitting the others. Mr. Flett stated, "I was scared for my life." The wounded men denied any gun was inside their car; no gun was found. Mr. Darby testified he approached with his window rolled partly down to greet Mr. Flett, an old acquaintance, then sped away as shots were fired.

Mr. Flett was charged with four counts of first degree assault with a deadly weapon. The information refers to Mr. Flett as "Jr." However, at his arraignment and trial he identified himself as "Sr." Mr. Flett never objected to his being referred to as "Jr." Jury questions later reflected some concern about the different name in their instructions compared to Mr. Flett's testimony. Mr. Flett's public defender was changed about four months before trial due to a conflict of interest.

Verdicts indicated guilty on all four counts while armed with a firearm. The sentencing was delayed because Mr. Flett's attorney, over Mr. Flett's objection, requested and was granted a continuance due to trial conflicts. Mr. Flett was sentenced to 459 months based upon four consecutive base standard range sentences totaling 399 months, together with a consecutive 60-month firearm enhancement running concurrently with the other firearm enhancements as an exceptional sentence pursuant to RCW 9.94A.400. Mr. Flett unsuccessfully argued on reconsideration that the base sentences should be decreased and the firearm enhancements should run consecutively to the base

sentences to result in the same 459-month sentence. Mr. Flett appealed over a wide front, including the sentence. The State cross-appealed the exceptional sentence.

## ANALYSIS
### A. Misspelled Name

 The issue is whether Mr. Flett's judgment and sentence should be reversed because the information and instructions referred to him as "Gary Flett, Jr." instead of "Gary Flett, Sr." Mr. Flett contends a defendant's name is an essential element of the information and therefore must be correct. We disagree.

 First, the State correctly argues this issue is not of constitutional magnitude. Challenges to the sufficiency of the information are of constitutional magnitude if they concern the *essential* elements of the crime charged. *State v. Moavenzadeh*, 135 Wn.2d 359, 362, 956 P.2d 1097 (1998). Common sense and practicality guide us when construing the language of an information. *Id.* at 362. Mr. Flett cites no authority for his proposition that the spelling of his name is an essential element to be proved.

Second, confusion as to how a name is spelled is immaterial where part of the name is sufficiently clear and the defendant is identified to the jury as the person charged. *See State v. Passila*, 117 Wash. 295, 296, 201 P. 295 (1921). Here, Mr. Flett's first and last names were spelled correctly. Moreover, his identity is not in issue and he shows no prejudice. Further, he testified before the jury admitting his presence but merely claimed self-defense.

### B. Master Jury List

Mr. Flett assigns error to the jury panel because Spokane County Local Court Rule 47 (LCR 47) conflicts with GR 18 and statutes providing for a merged list of prospective jurors. Mr. Flett contends, for the first time on appeal, that LCR 47 produces a master list based solely on voter registration contrary to the requirements of GR 18 and

RCW 2.36.055. Even though, Mr. Flett, a Native-American, argues a master list based on voter registration discriminates against him because few Native-Americans register to vote, his brief focuses solely on the procedure used to compile the master jury list.

■ An issue involving compliance with a procedural rule rather than a constitutional issue may not be raised for the first time on appeal. *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995). However, even assuming Mr. Flett's argument concerns an error of constitutional magnitude under RAP 2.5(a)(3), we conclude no error is demonstrated. LCR 47 partly states: "The master jury list shall be selected . . . from an unrestricted random sample from the names of all registered voters filed with the county auditor . . . ." In 1993 our Legislature added licensed drivers and identicard holders to persons on the master list. RCW 2.36.055. Further, GR 18 specifies that the master list is to be compiled from all three sources.

■ When a local rule conflicts with a statute, the statute controls. *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 293, 803 P.2d 798 (1991). The record provided by Mr. Flett is devoid of evidence that the master list was improperly selected. Mr. Flett's argumentative assertion otherwise is insufficient. We limit our review to matters in the record. *State v. Crane*, 116 Wn.2d 315, 335, 804 P.2d 10 (1991). Even if the issue is of constitutional magnitude, RAP 2.5(a) does not mandate appellate review of a newly raised argument "where the facts necessary for its adjudication are not in the record and therefore where the error is not 'manifest'." *State v. Riley*, 121 Wn.2d 22, 31, 846 P.2d 1365 (1993). Moreover, for us to consider matters outside the record, a personal restraint petition under RAP 16.3 is required. *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

## C. Evidence Sufficiency

The issue framed by Mr. Flett is whether there was sufficient evidence to support the jury's rejection of his self-

defense argument. We believe the correct issue is whether the evidence is sufficient to support the verdict. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980).

■ Mr. Flett, suggesting reasonable inferences from evidence he presented, argues he merely shot into the car after he thought he saw a gun being pulled on him by one of the passengers. The trial judge gave a self-defense instruction. The jury rejected self-defense. A jury may reject or discard suggested alternative reasonable inferences based upon the evidence and circumstances of a case. *State v. Bencivenga*, 137 Wn.2d 703, 708, 974 P.2d 832 (1999). The verdict indicates the jury rejected or discarded Mr. Flett's suggested alternative reasonable inferences. Nevertheless, the State's evidence was sufficient to overcome Mr. Flett's defense beyond a reasonable doubt. The State provided testimony from four men inside the car contradicting Mr. Flett. We will not disturb the jury's fact-finding functions. *State v. Mewes*, 84 Wn. App. 620, 622, 929 P.2d 505 (1997).

## D. Exceptional Sentence

The issue is whether under RCW 9.94A.310(3)(e) the trial court erred by ordering the four firearm enhancements to be served concurrently. Mr. Flett contends the trial court on reconsideration should have adopted his request to reduce the base sentence rather than ordering concurrent firearm enhancements. In its cross-appeal, the State similarly contends the sentencing court lacked the authority to order concurrent sentences for the firearm enhancements. The State further contends the trial court lacked reasons for an exceptional sentence.

Recent cases are significant to the outcome. Just prior to argument our Supreme Court decided *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 955 P.2d 798 (1998). The *Charles* court discusses RCW 9.94A.310(3)(e) in the context of RCW 9.94A.400. When Mr. Flett was charged, former RCW 9.94A.310(3)(e) (1996) partly provided "all firearm enhancements . . . are mandatory . . . and shall

not run concurrently with any other sentencing provisions."[1] Next is *State v. Brown*, 139 Wn.2d 20, 983 P.2d 608 (1999), a case analyzing *Charles* in the context of facts similar to those here, except that a single offense was charged. We stayed our decision pending the decision in *Brown*, then allowed time for additional briefing.

■ Under *Charles*, the court addressed an ambiguity in sentencing when multiple *concurrent* sentences with sentencing enhancements were involved. Here, the trial court ordered four *consecutive* sentences for the first degree assaults because they are serious violent offenses required to be consecutively sentenced. RCW 9.94A.030(31)(a); RCW 9.94A.400(1)(b). A sentencing enhancement is added to the base sentence to reach a single presumptive sentence for a particular offense; it is not itself a separate sentence. *Charles*, 135 Wn.2d at 253-54. The ambiguity in *Charles* does not arise here. Consecutive sentencing is mandatory.

■ Here, the sentencing court indicated its satisfaction with the four base sentences for first degree assault but because of the multiple offense policy of RCW 9.94A.400 and the reasons given, elected a mitigated exceptional sentence by ordering the sentence enhancements to run concurrently. Under *Brown*, it is improper to order an exceptional sentence length below the total of mandatory deadly weapon enhancements. *Brown*, 139 Wn.2d at 29. Further, the *Brown* court observed that some crimes, like first degree assault, "are excluded from exceptional sentence eligibility" under RCW 9.94A.120(4). *Brown*, 139 Wn.2d at 25. A person convicted of first degree assault by use of force or means likely to result in the death "shall be sentenced to a term of total confinement not less than five years." RCW 9.94A.120(4). Applying RCW 9.94A.120(4) here, four consecutive sentences means 20 years (240

---

[1]RCW 9.94A.310(3)(e), as amended, now reads:

"(e) Notwithstanding any other provision of law, any and all firearm enhancements under this section are mandatory, shall be served in total confinement, *and shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements, for all offenses sentenced under this chapter.*" LAWS OF 1998, ch. 235, § 1 (emphasis added).

months) of the base sentence is not subject to a mitigated exceptional sentence without reference to the further and separate effect of the sentence enhancements.

Here, 60-month enhancements must be added to the base sentence for each of the four counts of first degree assault, a class A felony, in order to reach the correct presumptive sentence. RCW 9.94A.310(3). The presumptive sentences are consecutive. RCW 9.94A.400(1)(b). Thus, 240 months of the consecutive presumptive sentences must be served representing the four sentence enhancements. The trial court ordered 399 months as the base sentences plus one concurrent 60-month firearm enhancement for a total 459-month sentence. Under *Brown*, this was error. Mr. Flett correctly argued at reconsideration that if the trial court desired to exercise its sentencing discretion to order a mitigated sentence, it was required to reduce the base sentence, not the enhancements. However, as discussed above, Mr. Flett was incorrect to suggest that the sentencing court could still order an exceptional sentence of 459 months merely by reducing the base sentence before adding the sentence enhancements. The operative language of RCW 9.94A.120(4) requires at least a 240-month base sentence. Thus, a mitigated exceptional sentence under these facts must not be below 480 months.

The State contends the sentencing court's reasons do not justify an exceptional sentence. The court's fifth finding provides: "The instant offense was committed with a single firearm on a single occasion, each victim being in the same automobile and wounded contemporaneously with the other victims." Also the court found Mr. Flett's criminal history did not include crimes of violence or crimes against persons. Further, the trial court seemed to consider Mr. Flett's failed defense, but rejected that reason apparently in the belief that it would not support an exceptional sentence. However, another recent case unavailable to the trial court holds that failed defenses may be considered in mitigation. *State v. Jeannotte*, 133 Wn.2d 847, 851, 947 P.2d 1192 (1997). The trial court, not having the benefit of *Je-*

*annotte* mistakenly reasoned that because the jury had rejected Mr. Flett's defense, it could not use that as a reason for giving a mitigated exceptional sentence. Therefore, its mistakened reasoning makes unclear whether it would now give that as a reason after *Jeannotte*. In any event, because we have decided the sentence was statutorily erroneous as a matter of law, we need discuss no further whether the exceptional sentence was improper under the general standards set forth for reviewing an exceptional sentence. *See State v. Ha'mim*, 132 Wn.2d 834, 840, 940 P.2d 633 (1997).

In sum, Mr. Flett's presumptive sentence was 639 to 769 months including the firearm enhancements. The minimum sentence of 639 months is derived from 399 months base plus 240 months enhancement. Because a sentencing judge may not reduce the base sentence below 60 months for each serious violent offense under RCW 9.94A.120(4), it follows that the base sentence for four serious violent offenses is not subject to an exceptional sentence below 240 months. Additionally, under *Brown*, the sentencing court may not reduce the 240 months of firearm enhancements. Logic indicates that a mitigated exceptional sentence under these circumstances cannot go below 480 months. Accordingly, the trial court erred when sentencing Mr. Flett to 459 months as a mitigated exceptional sentence. Therefore, the sentence must be vacated. Because we must vacate the sentence, our remand for resentencing will allow the sentencing court to exercise its discretion anew in a manner consistent with this opinion.

A majority of the panel has determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

KURTZ, C.J., and SWEENEY, J., concur.

Review denied at 141 Wn.2d 1002 (2000).