IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No. 36408-9-III |
| KIMO ALBERT HENRIQUES, | ) | |
| | ) | PUBLISHED OPINION |
| Petitioner. | ) | |

KORSMO, A.C.J. — Kimo Henriques challenges his sentence by personal restraint petition (PRP), arguing that *State v. McFarland*, 189 Wn.2d 47, 399 P.3d 1106 (2017), constitutes a significant change of law that justifies applying the case retroactively to his 2009 resentencing. We conclude that *McFarland* is not retroactive and deny relief.

PROCEDURAL HISTORY

Mr. Henriques was convicted at jury trial in 2007 of five counts of possession of a stolen firearm (counts 1-5), one count of second degree unlawful possession of a firearm (count 6), and one count of first degree unlawful possession of a firearm (count 7). At sentencing on October 8, 2007, the parties and court agreed that the two unlawful possession counts merged, resulting in the dismissal of count 6.

The court granted a defense motion to arrest the judgment on counts 4 and 5. The court and parties noted that consecutive sentences were required due to RCW 9.94A.589(1)(c). The defense did not request an exceptional sentence. The trial court

declined defense requests for leniency and imposed consecutive midrange terms of 84

months on counts 1 through 3 and 97 months on count 7, resulting in a total sentence of

349 months.[1]  Mr. Henriques appealed to this court, and the State cross appealed.  This

court affirmed the convictions, reversed the dismissal of counts 4 and 5, and remanded

those two counts for resentencing.  *State v. Henriques*, noted at 149 Wn. App 1057, slip

op. at 22 (2009).  Rejecting a pro se argument, this court also concluded that the trial

court had properly imposed consecutive sentences.  *Id*. at 19-21.  The Washington

Supreme Court denied review.  *State v. Henriques*, noted at 166 Wn.2d 1034 (2009).

Resentencing occurred December 14, 2009.  Without discussing the other four

counts, the court imposed consecutive terms of 72 months on counts 4 and 5, resulting in

a total term of 493 months.  Mr. Henriques did not appeal from the resentencing.  He did,

however, file a PRP in which he alleged ineffective assistance of counsel and argued that

the length of his sentence constituted cruel and unusual punishment.  Our chief judge

dismissed the petition as frivolous.  Order Dismissing Pers. Restraint Pet., *In re Pers.*

*Restraint of Henriques*, No. 29558-3-III (Wash. Ct. App. Dec. 8, 2011).

On August 3, 2017, the Washington Supreme Court issued its decision in

*McFarland*, 189 Wn.2d 47.  There the court applied its reasoning from *In re Pers.*

*Restraint of Mulholland*, 161 Wn.2d 322, 166 P.3d 677 (2007), and concluded that

---

[1] Mr. Henriques had nine prior adult felony convictions before this incident, resulting in an offender score calculated simply as 9+ on all counts.

exceptional sentences were available for unlawful possession of weapons offenses

sentenced under RCW 9.94A.589(1)(c).

Mr. Henriques promptly filed this current PRP, claiming that *McFarland*

constituted a change in law that retroactively applied to his case. This court called for a

response from the State and appointed counsel for Mr. Henriques. The acting chief judge

directed that the case be set before a panel.

The panel considered the case without hearing oral argument.

ANALYSIS

The sole issue presented is whether *McFarland* applies retroactively to cases that

were final when that opinion issued.[2] In light of state precedent, *McFarland* does not

announce a new principle of law and is not retroactive.

Multiple rules governing PRPs are implicated by this petition. In order to prevail

on a claim of nonconstitutional error, a petitioner must establish that the error constitutes

a fundamental defect that inherently results in a complete miscarriage of justice. *In re*

*Pers. Restraint of Nichols*, 171 Wn.2d 370, 373, 256 P.3d 1131 (2011). RCW 10.73.090

imposes a one year time limit for bringing a collateral attack against a facially valid

judgment and sentence. In addition, where a petitioner has previously filed a PRP, this

---

[2] Petitioner's motion to amend his PRP to argue that the Governor's Proclamation 20-47 renders his petition timely is denied as moot since we are addressing the merits of his claim. *Mulholland*, 161 Wn.2d at 333. The proclamation also does not waive the successive petition rule.

3

court cannot consider a subsequent petition unless the petitioner certifies that he has not previously petitioned the court on similar grounds and shows good cause why the new grounds were not raised in the previous petition. RCW 10.73.140. Good cause to file a successive petition includes a material change in the governing law. *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 567, 933 P.2d 1019 (1997).

The initial interpretation of a statute by the Washington Supreme Court carries particular significance:

> where a statute has been construed by the highest court of the state, the court's construction is deemed to be what the statute has meant since its enactment. In other words, there is no question of retroactivity.

*State v. Moen*, 129 Wn.2d 535, 538, 919 P.2d 69 (1996); *accord In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 860 n.2, 100 P.3d 801 (2004). In contrast, when that court reverses its previous interpretation, a significant change of law exists that applies retroactively. *State v. Robinson*, 171 Wn.2d 292, 303, 253 P.3d 84 (2011) ("new rule" of constitutional interpretation is retroactive); *State v. Light-Roth*, 191 Wn.2d 328, 333, 422 P.3d 444 (2018) (overturning existing precedent is a significant change of law).

From its earliest days, the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, set forth a basic principle to govern sentencing on multiple charges: each offense would count in the offender score for the other charges, thereby raising the standard range for each count, but those counts would be served concurrently with each other.

RCW 9.94A.589(1)(a).[3]  This trade-off is known as the "'multiple offense policy.'"
*State v. Batista*, 116 Wn.2d 777, 786-87, 808 P.2d 1141 (1991).  A trial judge is
permitted to vary from this policy by use of an exceptional sentence if the resulting
standard range was "clearly excessive."  RCW 9.94A.535(1)(g).

However, subsections (1)(b) and (1)(c) operated differently than (1)(a).  In each
instance, other current offenses did not add to the offender score (and in the case of
(1)(b), no offenses count in the offender score) and the counts were served consecutively
to each other.  For varying reasons, all three divisions of this court concluded that
RCW 9.94A.589(1)(b)[4] governing serious violent offenses and RCW 9.94A.589(1)(c)[5]
governing multiple firearms possession charges, required sentences to be served
consecutively.

That view changed with the publication of *Mulholland* in 2007.  There the court
concluded, affirming a Division Two ruling, that mitigated sentences were available

---

[3] Most provisions of the SRA have been renumbered on multiple occasions.
Throughout this opinion, we will cite to the current codification for convenience rather
than trace each provision's codification history.

[4] *E.g.*, *State v. Kinney*, 125 Wn. App. 778, 106 P.3d 274 (2005); *State v. Price*,
103 Wn. App. 845, 14 P.3d 841 (2000); *State v. Flett*, 98 Wn. App. 799, 992 P.2d 1028
(2000).

[5] *E.g.*, *State v. Collins*, No. 70158-3-I (Wash. Ct. App. June 23, 2014)
(unpublished), http://www.courts.wa.gov/opinions/pdf/710583.pdf.; *State v. Murphy*, 98
Wn. App. 42, 988 P.2d 1018 (1999); *State v. Haggin*, 195 Wn. App. 315, 381 P.3d 137
(2016).

when sentencing serious violent offenses. *Mulholland*, 161 Wn.2d 327-31. *Mulholland* issued nine weeks before the first of Mr. Henriques' sentencing hearings.

*McFarland* extended *Mulholland* to unlawful firearms possession charges, RCW 9.94A.589(1)(c). The court concluded that the *Mulholland* analysis of subsection (1)(b) applied equally to subsection (1)(c). *McFarland*, 189 Wn.2d at 53-55. Accordingly, the trial court had authority to consider an exceptional sentence based on the "too excessive" mitigating factor, RCW 9.94A.535(1)(g). *Id*. at 55.

Mr. Henriques argues that this change in the law justifies a new sentencing proceeding in his case. However, there was no change in the law because the Washington Supreme Court had never issued a contrary interpretation of the statute. An "intervening appellate decision that . . . 'simply applies settled law to new facts' does not constitute a significant change in the law." *State v. Miller*, 185 Wn.2d 111, 114-15, 371 P.3d 528 (2016) (quoting *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 83, 74 P.3d 1194 (2003)). Because *McFarland* merely applied *Mulholland* to "new facts" it does not apply retroactively, RCW 9.94A.589(1)(c).

A year before *McFarland*, the court considered whether *Mulholland* constituted a change in the law that could be applied retroactively. *Miller*, 185 Wn.2d at 113. Miller had been convicted of two counts of attempted first degree murder and received consecutive sentences five years before *Mulholland*. *Id*. at 113. After that decision was released, the trial court vacated the sentence on the basis that the court had been unaware

6

of its discretion to impose an exceptional sentence. *Id*. at 113-14. Concluding that

*Mulholland* did not constitute a change in law because no intervening appellate decision

was overturned, the Washington Supreme Court reinstated the sentence. *Id*. at 115-16.

This case is in the same posture. *McFarland* did not overturn existing precedent.

Accordingly, the court's interpretation of RCW 9.94A.589(1)(c) means that provision has

always allowed an exceptional sentence upon an appropriate showing. It is not

retroactive.

Although he attacked the consecutive nature of the sentences in his appeal and in

his first PRP, Mr. Henriques has never argued that he was entitled to an exceptional

sentence. That argument has always been available to him. Because *McFarland* does not

constitute a retroactive change in law, it does not aid him here. Accordingly, Mr.

Henriques has not shown good cause for accepting his successive petition. It, therefore,

is dismissed. RCW 10.73.140.

Dismissed.

_____
Korsmo, A.C.J.

WE CONCUR:

_____          _____
Melnick, J                                        Lawrence-Berrey, J.

7